The CITY OF MT. CARMEL

*v.*

LOUIS E. HOWELL, Admr.

*Filed at Mt. Vernon March 31, 1891.*

1. NEGLIGENCE—*death*—*proximate cause.*  In an action by an administrator against a city to recover damages for the death of his intestate, caused by alleged negligence on the part of the city in leaving open an excavation in a street, into which the intestate fell, the plaintiff can not recover unless it is shown by the preponderance of the evidence that the injury received on the street was the proximate cause of the death.

2. APPEALS—*reviewing the facts*—*and herein, what regarded as matters of fact.*  In an action against a city to recover damages for the death of the plaintiff's intestate, caused, as alleged, by the negligence of the city in leaving a street in an unsafe and dangerous condition, whether the death was the result of disease, or injury received on the street, is a question of fact not reviewable in this court; and so are the questions whether the deceased was in the exercise of ordinary care at the time

of the injury, and whether the city had left the street in an unsafe and dangerous condition, and was therefore guilty of negligence.

3. Practice in the Supreme Court—*abandonment of assignment of error—presumption.* Where no argument is presented in support of an assignment of error, it will be presumed that such assignment has been abandoned, and it will not be considered.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Wabash county; the Hon. C. C. Boggs, Judge, presiding.

Messrs. Bell & Green, for the appellant.

Mr. S. Z. Landes, for the appellee.

Per Curiam: This was an action on the case, in the circuit court of Wabash county, brought by appellee, as administrator of the estate of Florence Glick, deceased, against the city of Mt. Carmel, appellant, to recover for the death of the intestate, alleged to have been occasioned by the negligence of appellant in permitting an excavation to remain open at the junction of Third and Market streets, by reason of which the deceased received an injury of which she died. The cause was tried at the November term, 1889, before the court and a jury, and resulted in a verdict for the plaintiff for $2000. The court overruled a motion for a new trial, and rendered judgment on the verdict. The defendant appealed to the Appellate Court, where the judgment was affirmed, and for the purpose of reversing the judgment of the Appellate Court this appeal was taken.

In the Appellate Court the following errors were assigned: First, the court admitted improper evidence for the plaintiff; second, the court excluded proper evidence for the defendant; third, the court gave improper and erroneous instructions for the plaintiff; and fourth, the court erred in overruling the defendant's motion for a new trial. Substantially the same briefs have been filed in this court which were used in the Appellate Court.

No argument has been presented in support of the first and second assignments of error. We will presume, therefore, that they have been abandoned.

As respects the third assignment of error, no specific objection is pointed out to any instruction given on behalf of appellee, but the following objection is made to the instructions as a whole: "The instructions given for the appellee are so framed as to sustain the theory of appellant's liability, notwithstanding the fact that the deceased died of cerebral spinal meningitis, and that her death was not the immediate result of the injury." We have carefully examined the instructions given for appellee, in connection with the evidence, and we do not think they are so framed as to mislead the jury from the issue involved in the case. The evidence, in many respects, was conflicting, but the instructions are predicated on the evidence, and we perceive no substantial objection to them. Whether the deceased died from spinal meningitis, or from an injury received in the street, as alleged in the declaration, was a question of fact for the jury, and they were told in plain terms, by defendant's thirteenth and fourteenth instructions, that plaintiff could not recover unless it was shown, by a preponderance of the evidence, that the injury received in the street was the proximate cause of her death, and there was nothing in appellee's instructions which in the least militated against the direction thus given.

Under the fourth assignment of error, the entire argument of counsel is devoted to a discussion of controverted questions of fact, which was appropriate in the Appellate Court but has no place here, for the reason that the judgment of the Appellate Court is final on these questions. Whether the deceased and her husband were in the exercise of ordinary care at the time of the injury; whether appellant had left the street in an unsafe or dangerous condition, and was thus guilty of negligence, and whether the injury resulted in the death of the deceased, were all controverted questions of fact, which have

been settled against appellant by the judgment of the Appellate Court affirming the judgment of the circuit court, and those questions are not reviewable here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*