St. Louis, Alton and Terre Haute Railroad Co.

*v.*

Newton C. Barrett.

*Filed at Mt. Vernon October 22, 1894.*

Instructions—*not error to refuse proposition given in other instructions.* Where the substance of a refused instruction is embodied in the series which are given, the refusal is not error.

Appeal from the Appellate Court for the Fourth District ;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. A. S. Wilderman, Judge, presiding.

Mr. R. W. S. Wheatley, for the appellant.

Mr. I. R. Spillman, for the appellee.

Mr. Justice Baker delivered the opinion of the court:

This is an action on the case, instituted by appellee, against appellant, in the Perry circuit court, to recover damages for personal injury alleged to have been sustained by him through the negligence of appellant.    The cause was tried before a jury, who found for appellee, and assessed his damages at $4000.    Judgment was rendered on the verdict.    From that judgment appellant appealed to the Appellate Court, and from the judgment of affirmance there prosecutes this appeal.

By the judgment of the Appellate Court the facts are conclusively settled in favor of appellee and against appellant.    They are substantially as follows: That appellee, as conductor of a freight train of the Illinois Central Railroad Company, was ordered by the man in charge of the yards and station at DuQuoin to back his train on track No. 4 in order to clear the way for a passenger train then past due, and that a switching crew of appellant, then engaged in taking cars from said No. 4 track,

were also ordered to move back out of the way of appellee's train ; that there were cars on No. 4 which the switching crew desired to take out, which were between the two engines or trains when this order was given, and that the switching crew did not promptly comply with the order, but, with knowledge of the appellee's train backing up and driving back the cars such crew were after, attempted to move away slowly, but only at such speed as would enable them to catch such cars and then endeavor to couple them as they were thus driven upon them, when finally, owing to such arrangement, appellee's train overtook the slowly receding train of appellant, resulting in the telescoping of the north loose car into the caboose of appellee's train, on the rear platform of which he was standing, causing the death of the rear brakeman and the serious injury of appellee ; that appellee, when injured, was obeying an explicit order of his superior to get out of the way of a passenger train then overdue, while the crew of the appellant were violating an explicit order of the same superior, who had directed them to move back out of the way and make room for appellee's train, and that had they obeyed the order no collision would have occurred.

The only question presented for our decision is, whether or not the trial court erred in refusing to give the following instruction asked in behalf of appellant :

"The court instructs the jury, that before you can find for the plaintiff you must believe, from the evidence, that the injury complained of was the result of the negligence of defendant's servants or employees, and that the plaintiff was not guilty of negligence which contributed to the collision which produced injury, unless you believe, from the evidence, that the negligence of defendant was gross and the negligence of the plaintiff was slight in comparison with that of the defendant."

We are of opinion that such refusal did not constitute error, for six instructions were given for appellant, and

in them, as a series, was embodied the substance of the refused instruction.

We find no error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*