The St. Louis, Alton and Terre Haute Railroad Co.

*v.*

Frederick Bauer, Admr.

*Filed at Mt. Vernon April 2, 1895.*

1. Evidence—*to prove rule of railroad company not in writing.* A witness in a suit against a railroad company for the death of an employee may testify to the substance of a rule which does not appear to be in writing.

2. Same—*objection to testimony must be specific.* An objection to oral testimony as to the rule of a railroad company, on the ground that it is in writing, should be placed specifically upon that ground.

3. Same—*duty of brakeman must be proved by rule, if printed.* Oral testimony is inadmissible as to the duty of the rear brakeman of a train pulling into a yard, where it affirmatively appears that such duty is pointed out in a printed rule.

4. Appeals and Errors—*objections to instructions must be pointed out.* General assignments of error upon the instructions will be considered abandoned, where no objections are pointed out, upon the hearing, to the rulings upon such instructions.

*St. Louis, Alton and Terre Haute Railroad Co.* v. *Bauer*, 53 Ill. App. 524, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Perry county; the Hon. Benjamin R. Burroughs, Judge, presiding.

R. W. S. Wheatley, for appellant.

I. R. Spilman, for appellee.

Mr. Justice Baker delivered the opinion of the court:

This was an action on the case, in which appellee, as administrator of the estate of Henry A. Bauer, deceased, was the plaintiff, and appellant the defendant. The suit was brought to recover damages for the alleged negligence of appellant in having caused the death of the intestate. The cause was tried before a jury in the Perry circuit court, who returned a verdict in favor of appellee,

and assessed his damages at $3000. The judgment rendered on the verdict was affirmed in the Appellate Court, and from the judgment of affirmance appellant prosecutes this appeal.

The record in this case discloses substantially the same state of facts found in *St. Louis, Alton and Terre Haute Railroad Co.* v. *Barrett,* 152 Ill. 168, the collision in which appellee's intestate was killed being the same in which Barrett was injured.

It is contended that the trial court erred in permitting the witness Barrett to answer the question, asked him by counsel for appellee, as to what the rule was in regard to the delivery of cars to the Short Line railroad at DuQuoin. This was not error, for it did not appear that the rule as to how to make such delivery was in writing. If it was in writing, and appellant for that reason desired to object to oral testimony, then the objection should have been placed specifically on that ground, in which event appellee would have had an opportunity to cure the defect by introducing the written or printed rule.

There was no error in sustaining the objection to the following question asked by appellant of witness White : "I will ask you what would be the duty of a rear brakeman or caboose brakeman of a train of thirty cars, pulling in from the south on north end of the yard and backing in on No. 4 track, with four or five cars standing on the north end of 4 track." It affirmatively appeared that the duty referred to was pointed out in a printed rule, which was afterwards given in evidence by appellant.

No objections are pointed out to the rulings of the trial court upon the instructions. Therefore the assignments of error made thereon in general terms must be considered as abandoned. *City of Mt. Carmel* v. *Howell,* 137 Ill. 91.

When the evidence was all in, appellant moved to exclude that for appellee from the jury. The motion

was overruled, and appellant duly excepted. This properly brings before us the question whether or not the evidence fairly tended to show a cause of action. A perusal of the record satisfies us that it did.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*