## Joseph Smith v. Chicago General Ry. Co.

86   647
100   310

1. NEGLIGENCE—*Ordinarily a Question of Fact.*—While the question of negligence is ordinarily one of fact for the jury, yet, when the inference of negligence necessarily results from the facts detailed in the statement of his case by the plaintiff, it becomes a question of law for the court.

Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed January 30, 1900.

Tiffany Blake and Dennis & Rigby, attorneys for appellant.

Glenn E. Plumb, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court sustaining a general demurrer of the defendant (appellee) to the plaintiff's declaration. The plaintiff elected to stand by the declaration, and judgment was entered for the defendant and this appeal prayed and allowed. The declaration alleges that the defendant at the time of the injury was operating by electricity a line of street railway on West Twenty-second street, in Chicago, and the plaintiff was driving a team of horses north on Lawndale avenue, a public thoroughfare in Chicago, crossing Twenty-second street at right angles, and as the plaintiff was approaching the intersection of Twenty-second street and Lawndale avenue he saw a street car, operated by the defendant, approaching said intersection from the east at a high rate of speed, to wit, twelve miles an hour; that said electric car was at such a distance from the intersection of Twenty-second street and Lawndale avenue, at the time when the plaintiff was about to cross defendant's tracks at Twenty-second street, that the car could easily have been stopped or so slackened in speed as to have avoided coming into collision with the plaintiff; and that it was the duty of the defendant, when its servants operating the car saw the plaintiff about to cross said railway, to have slackened the speed of the car, or to have stopped it so as to have avoided collision with the plaintiff; but avers that the defendant so carelessly, negligently and improperly managed said car, by not slackening the speed or stopping it while the plaintiff was, in the exercise of all due care and diligence, crossing Twenty-second street at Lawndale avenue, that the car col-

lided with the wagon driven by the plaintiff and threw the plaintiff out and upon the ground.

The plaintiff saw the car coming at a high rate of speed, and the legitimate inference from his pleading is that he knew he could not cross the tracks without being struck by the car, unless it should be stopped or slackened in speed, and so knowing he deliberately took the chances.

Under such circumstances may he, as a matter of law, recover? We think the facts stated in the declaration, with their proper inferences, clearly disclose such certain and uncontrovertible contributory negligence by the appellant as precludes a recovery by him. While the question of negligence, either by defendant or plaintiff, is ordinarily one of fact for a jury, yet, when the inference of negligence necessarily results from the statement of his case by a plaintiff, it becomes a question of law for the court. Chicago & Alton R. R. Co. v. Fisher, 141 Ill. 614; Ward v. C. & N. W. Ry. Co., 165 Ill. 464.

The judgment of the Superior Court is affirmed.