## Chicago Union Traction Company v. James C. Daly.
### Gen. No. 12,816.

1. NEGLIGENCE—*when failure to ring bell or sound whistle not.* It is not negligence to fail to ring a bell or to sound a whistle where the ringing of the bell or the sounding of the whstle would not have prevented the injury which ensued.

2. RES GESTAE—*what not part of.* The statement of a motorman made after an accident and at a place different from the immediate scene thereof, is not a part of the *res gestae.*

3. EVIDENCE—*when admission of erroneous, though afterwards stricken out, ground for reversal.* A party is entitled to a correct ruling upon his objection to evidence at the time the objection is made, and where, over an objection and exception, incompetent evidence of a highly important character is admitted, the resulting prejudice is not cured by a subsequent striking of such evidence.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed November 15, 1906.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

M. H. HOEY, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The declaration in this case charges the defendant with negligence in so negligently and improperly managing the car in question that it ran and struck with great force against the wagon of plaintiff, whereby he was thrown therefrom with great force and violence upon the ground; that the car was driven at a high, fast and dangerous rate of speed, contrary to the city ordinance, and negligently failing to ring any bell or gong before going on the crossing where the accident occurred, and in allowing the brake to get and remain out of order so that the servants in charge of the car could neither stop or control it; from which failures of duty on the part of defendant, it is charged, resulted the injuries which plaintiff complains of and demands damages in compensation. To this declaration defendant interposed the plea of the general issue.

The collision and injuries complained of occurred and were suffered about nine o'clock in the morning of August 29, 1902, at the intersection of Montrose avenue and Clark street, Chicago. The plaintiff owned and operated a sprinkling wagon, and just prior to the accident had filled the tub on his wagon, with water at a city hydrant at the northwest corner of Montrose avenue and Clark street. His team was facing to the west, when he mounted to the driver's seat, turned his team toward the east and started to drive them east across the track on Clark street where Montrose avenue crosses it. Plaintiff saw the car approaching on the east or north-bound track when it was about 300 feet south of the crossing. At this time he carried a load weighing in excess of three tons, and when he first saw the car he was west of the west or southbound track, upon which he drove his team, after which he again looked for the car and found it rapidly nearing him from a distance of about eighty feet. Notwithstanding this situation, one fraught with imminent danger, he drove upon the east track in front of the

car, expecting, as he says, that it would stop. In this he was disappointed, and before he could clear his wagon of the crossing the impact came, his wagon was smashed and he, with much force, was thrown upon the ground and severely injured, as he claims.

Defendant, relying upon its claimed right to have the jury peremptorily instructed, in this state of the evidence, to find a verdict in its favor, after tendering the usual motion and instruction in due form, refused on the court declining to take away from the jury the question of fact involved in the evidence then before them, to offer evidence to support its plea. The jury, after having been instructed by the court at the request of both parties, rendered a verdict assessing plaintiff's damages at $2,300, and after overruling a motion for a new trial and in arrest of judgment, the court gave judgment upon the verdict. The defendant prosecutes this appeal and assigns many reasons why the judgment should be reversed, but urges upon our consideration only four, viz.: Error in refusing the peremptory instruction requested, and in giving first instruction proffered by plaintiff, erroneous rulings of the trial court on the evidence, and that the damages are excessive.

In the view we take it will be unnecessary to review in this opinion the errors firstly and lastly urged upon our attention, as this appeal must be decided on the solution of the errors alleged to have been committed in the giving of plaintiff's first instruction and in the trial court's rulings upon the evidence.

An examination of the declaration and its averments of negligence discloses that plaintiff predicated his right to recover on the negligent operation of the car, among other acts of negligence charged. This was therefore one of the issues in the case, and we are unable to say that it is not fairly presented in the instruction numbered one, but on the contrary regard it as not open to the criticism made by defendant.

The admission of evidence that neither bell nor gong

was rung at the approach of the car toward the crossing, the scene of the accident, against the objection of defendant, was, in view of the conceded condition of the surroundings at and immediately preceding the impact between the car and the sprinkling wagon, reversible error. The object of ringing a bell is to give warning of the approach of a car. A failure so to do, resulting in an accident, where the injured party did not see the car in time to avoid it, and who would have had an opportunity to do so if the warning bell had been rung, and the other party was not guilty of any negligence contributing to the injury, would uncontradicted, be *prima facie* evidence of negligence. It is beside the question here whether a bell or gong was rung. It is immaterial, for it would have been no aid to plaintiff, or a means by which he could have avoided the collision. It would not have furnished him any information as a guide to his conduct which he did not possess regardless of the ringing of the bell, for he admits he saw the car when it was 300 feet south of the place over which he attempted to drive in front of it while it was swiftly moving. We cannot say but what the jury was influenced by this erroneous evidence in solving the question of plaintiff's due care and the defendant's negligence in arriving at their verdict. If the jury were so influenced, and such evidence was a factor in producing the verdict they rendered, then defendant's rights have not been sufficiently safeguarded in this particular by the failure of the trial court to give effect to an essential rule of law which defendant had a right to invoke in the protection of its interests involved.

Plaintiff was permitted, contrary to the objection of defendant, to detail to the jury a statement made by the motorman of the colliding car to him near the scene of the accident about five minutes after its occurrence, to the effect that the accident was not his fault, but the fault of the brakes, which did not work, and that he would probably lose his job. This testimony was given

at the morning session of the court.  In the afternoon of the same day, and after several other witnesses had given their testimony, counsel for defendant made a motion to exclude this statement of the motorman, saying: "I wish to address myself a moment to a motion in connection with some evidence that was given this morning.  I move to strike out as not being a part of the *res gestae,* the conversation related by Mr. Daly upon the stand between himself and the motorman over at the northeast corner of Montrose boulevard and North Clark street about five minutes after. the accident occurred.  I move to strike these conversations out."  The court in ruling used the following language: "They may go out."  This was. all that was said by the court in excluding the motorman's statement, and no instruction was given by the court as to the legal effect of striking out evidence heard by the jury and afterwards stricken out by order of the court.  No controversy over the action of the court in so striking out the motorman's statements exists.  It stands conceded on this record that such action of the trial judge was in consonance with the rules of evidence.  But it is insisted with much force that the failure of the court to sustain the objection to the questions, the answers to which resulted in the motorman's statement being given in evidence before the jury, and its being allowed to remain in the record so long a time before its ultimate exclusion, without sufficient comment by the court or the giving of an instruction explaining to the jury the legal effect of the striking of such statement from the record, worked a prejudicial injustice to defendant which materially affected the jury in their deliberations and influenced them improperly in arriving at the verdict they rendered.  There is much in this position which appeals to us as being well taken.  It cannot be gainsaid that the evidence is, to say the least, embarrassing upon the primal question of whether or not plaintiff was in the exercise of due care for his own safety at the time of the collision.  He was well ac-

quainted with the locality of the occurrence; he not only knew of the running of the cars, but he saw the colliding car first when it was three hundred feet distant from the point of contact with his wagon, and before he drove onto the north-bound track again saw the car when it was only eighty feet away. One reason he assigns for proceeding to drive in front of the car while it was in motion is, "he thought it would stop," and it is self-evident his mind being in such a condition that his judgment must have been, if it did not stop he was in danger of colliding with it. There is ample authority to support this reasoning.

In Smith v. Chicago Gen. Ry. Co., 86 Ill. App. 647, on p. 649, it is said: "The plaintiff saw the car coming at a high rate of speed, and the legitimate inference is that he knew he could not cross the tracks without being struck by the car unless it should be stopped or slackened in speed, and so knowing he deliberately took the chances."

Mrs. Griffin, plaintiff's witness, testified (R. p. 101): "When I first saw the wagon coming Mr. Daly was within a couple of yards probably of the west track. I saw the car didn't break and I hollered, 'Daly, stop' or 'Daly, hurry up,' or something like that, and then he hollered 'stop' and by that time they had got almost up to him." What was evident to Mrs. Griffin was equally apparent to plaintiff, and if there was any doubt about his full apprehension of the situation, his own testimony and his action in hallooing "stop" at the time he did and in the situation he then was dispels it.

The fact as to whether or not plaintiff was guilty of contributory negligence must be determined from his actions, knowledge of surrounding conditions, what he actually observed as to the motions of the colliding car at and immediately preceding the accident, and these are for the jury to determine, and the peremptory instruction asked was properly refused.

The statement of the motorman made at the time it

was, after and away from the immediate scene of the accident, does not come within that class of statements permissible as being made spontaneously at the time and place of the occurrence involved in the litigation. As said in Chicago W. D. Ry. Co. v. Becker, 128 Ill. 545: "The declarations were not a part of the *res gestae*. They were not made at the time of the accident, nor did they explain or characterize the manner in which the accident occurred. They were not concurrent with the injury, not uttered contemporaneously with it, so as to be regarded as a part of the principal transaction."

In Williamson v. Cambridge R. R. Co., 144 Mass. 148, plaintiff on the trial tendered as evidence a statement made to her by the conductor immediately after the accident, that the accident resulted from his fault, an objection interposed by defendant was sustained, and the jury rendering a verdict for defendant, this ruling of the court on plaintiff's appeal was assigned as error. The ruling was upheld and the judgment affirmed. In Chicago City Ry. Co. v. Uhter, 212 Ill. 174, it was held that "an act or declaration can only be considered as a part of the *res gestae* when it illustrates, explains or interprets other parts of the transaction of which it is itself a part. * * * That which occurs before or after the act is done is not a part of the *res gestae* although the interval of separation is very brief." Pennsylvania Co. v. McCaffrey, 173 Ill. 169.

The expunged testimony bore forcibly upon the vital issue in the case, and it was highly important to the defense that its objection to such improper evidence should have been promptly sustained. It was entitled to a correct ruling upon a matter of so much importance to its defense and to be protected from the admission even temporarily of evidence of such moment.

The rule applicable to this case is well stated in C. & E. I. R. R. Co. v. Donworth, 203 Ill. 192, that "Where the evidence upon which the recovery of a judgment

is sought is slight or doubtful, the rulings of the court upon questions of the admissibility of evidence will be strictly scrutinized by a court of review, and the judgment reversed if any inaccuracy has occurred in such rulings which may have operated to the prejudice of the losing party. This is a familiar rule, which has been often repeated in this court.''

While ordinarily the rule governing the exclusion of testimony heard by the jury over an objection is that evidence stricken out by order of the court will be treated as though it had not been given and the jury as not having heard it, in other words, regarded as entirely eliminated from the record for all purposes, still it has its exceptions, and this case falls within the exception and within the ruling in C. & E. I. R. R. v. Donworth, *supra,* and Fairbanks v. Nicolai, 167 Ill. 242, and many other cases.

It was incumbent upon the trial court in striking out the testimony as to the statement of the motorman to have impressed upon the jury the necessity of their disregarding it, and to be uninfluenced by reason of having heard such statement by an appropriate instruction to that effect. This was not done, and we can see in the condition of this record that such statement may have had a controlling influence upon the jury in arriving at their verdict. It is not at all free from doubt that had such an instruction been given, it would have proven sufficient to remove the impression created upon the jury or cure the error committed in not sustaining the objections to the questions which brought it forth.

It is held in R. R. Co. v. Winslow, 66 Ill. 219, and Lycoming v. Rubin, 79 Ill. 402, that ''Where improper evidence is permitted to go to the jury against objection, the mischief cannot be remedied by afterwards instructing the jury to disregard it. It is not easy to remove from the minds of the jury, by instructions, impressions produced by improper testimony. The

inevitable tendency of such evidence, in doubtful cases, is to mislead.

For the erroneous admission and rulings, in the evidence above recited, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*