**Thomas Brisch, Administrator, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 17,880.

1. STREET RAILROADS—*evidence.* Plaintiff's intestate, while driving a loaded wagon over a crossing, was struck by an electric car and killed. Plaintiff's testimony tended to prove that the motorman was negligent in propelling the car at a high rate of speed, not having the car under control and without sounding the bell, and three witnesses testified that the car was going at a speed of eighteen to twenty miles an hour. Defendant introduced evidence that the motorman rang the bell in ample time but that deceased disregarded the warning, that stopping appliances were employed and that the car was going at a speed of four to six miles an hour. *Held*, that the evidence was not clear that the car was under proper control, and a verdict for plaintiff was not against manifest weight of evidence.

2. INSTRUCTIONS—*preponderance of evidence.* An instruction requiring the jury to determine from certain enumerated circumstances upon which side the weight of evidence is, is erroneous.

3. INSTRUCTIONS—*not referring to the ·evidence.* An instruction which does not require the jury to look to the evidence to ascertain a certain fact is properly refused.

4. STREET RAILROADS—*instructions.* An instruction that if deceased saw or was aware of the approach of a car "at the time and place in question" no negligence is attributable to defendant, is misleading, since the question of whether a bell was rung or not is properly omitted only in case the car was seen by deceased in time to avoid the accident.

5. INSTRUCTIONS—*When assuming facts not in evidence.* An instruction to find defendant not guilty if the jury believe that a motorman was led to believe that deceased would stop a wagon before going ion the track is properly refused where there is no evidence tending to prove that fact.

6. DAMAGES—*when not excessive.* A verdict for $5,000 for causing the death of a teamster, forty-two years old, who had been in good health and who left a widow and four minor children is not excessive.

Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 14, 1913. Rehearing denied January 28, 1913. *Certiorari* denied by Supreme Court (making opinion final).

JAMES G. CONDON and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

CASWELL & HEALY, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This action was brought for the benefit of the widow and next of kin of John Bauer, to recover damages sustained by them by reason of his death, which it is claimed was the result of the negligence of the appellant.

The trial of the cause resulted in a verdict and judgment in favor of appellee for $5,000. The accident resulting in the death of Bauer occurred on the 14th day of July, 1909, at the corner of Polk and South Clark Streets in Chicago. Appellee's intestate was

driving a team east on Polk Street, the wagon being loaded with crushed stone. As the wagon was crossing Clark Street, it was struck by a southbound electric street car of appellant. By the concussion Bauer was thrown from his seat on the wagon to the pavement, and died from the injuries received.

Bauer was forty-two years of age at the time of his death. He had been for six or seven years in the employ of Dolese & Shepard as teamster of a stone wagon.

The theory on which appellee seeks to recover, and which appellee's evidence tends to prove, is that the motorman of the car was negligent in propelling it at a high rate of speed, not having his car under control, and without sounding its bell as a warning of its approach to the intersection of the streets. To substantiate this theory, appellee introduced four witnesses; one of them, however, did not see the car and wagon until the instant of the collision; the other three witnesses testified that the car was going at a speed of eighteen to twenty miles an hour.

The theory of appellant, supported by its evidence, is that warning was given by the motorman by ringing his bell when he saw that Bauer was intending to cross Clark Street, in ample time to give Bauer warning, and to enable him to stop his horses and avoid collision with the car, but that Bauer disregarded the warning and drove upon the track of the appellant in front of the car.

It appears from the evidence that when Bauer saw that the car was not under control and would strike his team, he endeavored to get out of the way of the car by turning his team to the south; the wagon, however, being heavily loaded, he was unable to get out of the way of the car. The evidence on both sides of the case tends to show that neither of the horses of deceased's team was in the slightest degree injured, and that their harnesses remained intact. The evidence, we think, tends to show that the car struck the

forward wheel of the wagon as the team was turned to the south, the fender of the car going under the wheel and causing the near or left-hand horse of the team to fall; and the car shoved the wagon and team along a few feet. The wagon was heavily loaded and thus tended to stop the car. Appellant's testimony tends to show that the car, as it approached Polk Street, was going at a speed of four to six miles an hour; that its bell was being sounded and that the motorman vigorously employed the stopping appliances of the car, and sanded the tracks as soon as he became aware that Bauer, instead of stopping his team, intended to cross the track.

The evidence is exceedingly contradictory, and it is apparently impossible to reconcile the testimony of the plaintiff's witnesses with the testimony of appellant's witnesses.

It is urged that the verdict is against the manifest weight of the evidence, and, therefore, the verdict and judgment should be set aside. Upon a careful examination of the evidence, we are unable to conclude that the verdict is manifestly against the weight of the evidence. In some respects the evidence for appellant is not reasonable. We cannot believe that the horses were struck by the car and still were uninjured. In our opinion the most reasonable evidence is that the car struck the forewheel of the wagon as the team was turning to the south, and thus the main shock of the collision was given to the wagon, and that this threw Bauer from his seat to the pavement between the wagon and the car. We are not satisfied from the testimony that the car of appellant was under the control that it should have been as it was approaching the crossing at Polk Street, and upon a consideration of all the evidence we are unable to say that its manifest weight is against the verdict.

Appellant requested, but the court refused to submit to the jury the following instruction:

"In determining upon which side is the preponder-

ance of the evidence the court instructs you to take into consideration the number of witnesses testifying on one side or the other of a disputed point; the opportunities of the several witnesses for knowing the things about which they testify; their conduct and demeanor, while testifying, their interest or lack of interest, if any, in the result of the suit, the probability or improbability of the truth of their several statements in view of all the evidence, facts and circumstances proven on the trial, and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

In our opinion this instruction was properly refused for the reason that it is misleading. It instructs the jury to take into consideration certain enumerated things in determining upon which side the preponderance of the evidence rested; then it closes with "and from these circumstances determine upon which side is the weight or preponderance of the evidence." In our opinion the weight or preponderance of the evidence depended not only upon the circumstances referred to in the instruction, but upon all the evidence in the case as well. This instruction, or a very similar one, was condemned in Ryan v. People, 122 Ill. App. 461; see also Chicago Union Traction Co. v. Hampe, 228 Ill. 346.

Error is assigned and urged upon the refusal of the court to submit to the jury the following instruction:

"You are instructed that if the driver of the wagon saw or was aware of the approach of the street car in question, at the time and place in question, then no negligence is attributable to the defendant, Chicago City Railway Company, on account of any failure, if any, upon its part, to sound the gong upon the said car."

We think this instruction was properly refused for the reason that it does not require the jury to look to the evidence to find whether or not the driver, Bauer, was aware of the approach of the car,—they are simply told that if the driver saw or was aware of the

approach of the street car in question. The words "at the time and place in question" may mean several things and would justify the jury in saying or holding that if the driver of the wagon became aware of the approach of the car without the ringing of the bell, after it was too late for him to get out of the way of the car, the motorman was excused from ringing the bell in time so that the warning would be available. There was evidence that the deceased was looking at the car when his team was on the track, and one witness, Hammermeister, swore that the deceased was looking at the car just before he drove on the track. If the bell was rung too late as a warning, the instruction is misleading, as the driver may have been aware of the approach of the car at the time and place in question and still not aware of it in time to avoid the car, or in time to excuse the appellant from any negligence on account of failure to sound a gong. Even if under the testimony of Hammermeister the deceased saw the car in time to stop before he reached the track, we do not think that as a matter of law it can be said that there was no negligence in not ringing the gong. The crossing in question was a crowded crossing, and the deceased had just as much right to cross as had the motorman. The instruction does not mean and is not the equivalent of holding the law to be that, if the car was seen by the deceased in time to avoid the accident, it was immaterial whether the bell was rung, as held in Chicago Union Traction Co. v. Daly, 129 Ill. App. 519.

Error is predicated upon the refusal of the court to give instruction No. 12, as follows:

"You are instructed that if you believe from the evidence that while the defendant and its servants were, if they were in the exercise of ordinary care, all the surrounding circumstances at the time and place of the accident were such that the motorman in charge of the car while thus in the exercise of ordinary care, was led to believe that the deceased would stop his

wagon before coming upon the defendant's tracks so as to allow the car to pass in front of him in safety and that the motorman thus relying upon such presumption attempted to drive the car so as to pass in front of the deceased in safety, but that nevertheless the deceased did not so stop his wagon but continued to drive upon the tracks so as to come into collision with the car, and if you further believe from the evidence, under the instructions of the court, that the conduct of the deceased in that regard was a failure to exercise ordinary care for his own safety and that as a result thereof he was injured, then the plaintiff cannot recover in this case and you should find the defendant Chicago City Railway Company not guilty.''

This instruction, in our opinion, was properly refused on the ground that there is no evidence on which to base it, and it would, therefore, mislead the jury. It states that if the jury believe from the evidence the motorman was led to believe that the deceased would stop his wagon before going on the track, they should find the defendant, appellant, not guilty. As we read the evidence in the case, there is no evidence tending to prove this fact. The motorman testified that he did not rely upon this belief or assumption, but that when he first saw the horses he turned off the power and started to ring his gong; that when he first saw the horses they were moving slowly, and as he approached, they moved faster; and when they were within six feet of the track, the driver started to whip them. This evidence shows that the motorman was not led to believe that the horses would stop. This is the only evidence in the case which has any bearing upon the exact question as to what the motorman believed the deceased would do. The theory of the defense, as we understand the evidence, is that the motorman tried to stop and did all he could in that respect as soon as he saw the team, and that he did not ''attempt to drive the car so as to pass in front of the deceased in safety.''

Furthermore, instruction No. 14, given at the re-

quest of the defendant, covers the same ground as the instruction in question. Given instruction No. 15 covers in part the same ground.

Error is predicated upon the refusal of the court to submit refused instruction No. 15. Numerous other instructions given at the request of appellant, covered the question of negligence of the defendant and contributory negligence of the deceased, and we think no error was committed in refusing this instruction.

The evidence shows that the deceased left a widow and four children, the eldest being nine years and the youngest two years old. The deceased had always been in good health before he died. In our opinion the verdict is not excessive.

The judgment is affirmed.

*Affirmed.*