Billie Jean Franks, a Minor, by Louis Franks, his Father and Next Friend, Appellee, v. The Baltimore & Ohio Southwestern Railroad Company, Appellant.

Gen. No. 8,683.

130.

Opinion filed January 16, 1933.

Epler C. Mills and Graham & Graham, for appellant; William A. Eggers, of counsel.

Barnabas F. Sears, for appellee.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

Appellee recovered a judgment in an action on the case against appellant in the court below for $700.

The declaration consists of two counts, in the first of which it is charged that the plaintiff, a boy about four years old, was riding in a truck being driven by his father and, while in the exercise of due care, the defendant so negligently operated its engine and train of cars that it struck and injured the plaintiff. In the second count it is charged that on account of the close proximity of buildings to the tracks and of a large number of persons passing over it, the crossing was unusually dangerous; that in switching cars it was the duty of defendant to properly guard, watch and protect the crossing so the public would not be killed or injured, yet defendant allowed the crossing to remain unguarded, and negligently allowed freight cars to stand on the side track which obstructed the view of one approaching from the south, and while plaintiff, in the exercise of due care, rode in a northerly direction over said crossing, because of the negligence of defendant in failing to have a warning given by means of a flagman, gates, or signal device, plaintiff was not advised and did not know of the approaching train and defendant negligently struck the automobile in which plaintiff was riding. The accident happened on July 31, 1930 in the City of Virginia, Illinois. The tracks of appellant cross Main street at right angles and run in a southeasterly and northwesterly direction. The plaintiff, a child three years and three months old, was riding in a truck driven by his father

going in a northerly direction on Main street and reached the crossing between 1 and 1:30 p. m. The day was clear and bright and there was nothing to obstruct the view of any train approaching the crossing from the west. The father of the child testified: "There was a boulevard stop and I stopped and looked ahead to see if it was clear; there were two cars (automobiles) coming across south; when they started on across I started across; I lacked a little of getting across and the car hit me on the back end of the track and knocked me over; and threw the little boy out." An engine of appellant was pushing several freight cars westwardly over the track at a speed of about four miles per hour when the end of the most westerly car struck the rear end of the truck. The evidence is very close and conflicting as to whether there was any negligence on the part of the railroad company. The evidence for the plaintiff tends to show that no bell was rung nor whistle blown, that there was no brakeman on the front end of the approaching freight car and that there was no one on the crossing to give warning of the approach of the train; while the evidence on behalf of appellant tends to show that there was a brakeman on the front end of the approaching train who called to the driver of the truck to warn him thereof; that the bell was constantly ringing on the engine, and that the conductor of the train stood on the crossing to give warning of its approach and waved his hands and attempted to call the attention of plaintiff's father driving the truck. There were no obstructions to the view of the track and the approaching cars. If plaintiff's father had glanced to the east he could not have failed to have seen the approaching railroad cars. Under these circumstances if this suit had been brought by the father he could not have recovered. *Dee v. City of Peru,* 343 Ill. 36; *Greenwald v. Baltimore & O. R. Co.,* 332 Ill. 627; *Graham v. Hagmann,* 270 Ill. 252;

*Lake Shore & M. S. R. Co. v. Hart,* 87 Ill. 529; *Chicago, B. & Q. R. Co. v. Damerell,* 81 Ill. 450; *Toledo, W. & W. Ry. Co. v. Jones,* 76 Ill. 311.

It is the settled law of this State, however, that in a suit by a child who is merely injured, to recover damages, the contributory negligence of the father will not defeat the action brought by the child as his negligence cannot be imputed to it. *Ohnesorge v. Chicago City Ry. Co.,* 259 Ill. 424; *Chicago City Ry. Co. v. Tuohy,* 196 Ill. 410; *Richardson v. Nelson,* 221 Ill. 254; *Perryman v. Chicago City Ry. Co.,* 242 Ill. 269; *Chicago City Ry. Co. v. Wilcox,* 138 Ill. 370.

The evidence is so close and conflicting as to whether the appellant was guilty of any negligence that if any errors were committed which might have operated to the prejudice of appellant the judgment must be reversed and the cause remanded. The court permitted appellee, over objection, to attempt to prove within what distance this train could have been stopped at the rate of speed at which it was going. It has been repeatedly held that where a railroad train and a person traveling on the highway are each approaching a crossing at the same time, it is not the duty of the servants of the railroad to stop the train, but, in keeping with the custom of the country, it is the duty of the traveler on the highway to stop and not attempt to pass in front of the advancing train. *Newell v. Cleveland, C., C. & St. L. Ry. Co.,* 261 Ill. 505, 511; *Chicago, B. & Q. R. Co. v. Damerell, supra; Toledo, W. & W. Ry. Co. v. Jones, supra; Williams v. Pennsylvania R. Co.,* 235 Ill. App. 49. Evidence was admitted that the conductor of the train told the witness Hare several days after the accident that he, the conductor, said if anyone asked if he was flagging the crossing to say that he was. This conversation, if any there was, occurred at a time too remote to make it a part of the *res gestae. Chicago Union Traction Co. v. Daly,* 129

Ill. App. 519. The court also permitted to be introduced oral testimony of the rules of the company in regard to operating its trains. This was error. *St. Louis, A. & T. H. R. Co. v. Bauer,* 156 Ill. 106. While this testimony was subsequently stricken out by the court, under the circumstances in this case such action will not cure the error. Counsel for plaintiff asked a witness the following question: ''Q. Now, Mr. Stamp, if you had not been on the west end of that train in the manner in which you have testified at the time and place in question, you would be subject to reprimand by the company for which you are employed?'' An objection was sustained to this question but the question propounded was improper and had but one tendency and that was to prejudice the jury against the appellant.

It is also urged that the damages are excessive. While there is nothing in the evidence to show that the injuries were permanent or even serious as no bones were broken or other physical injuries except some scratches on the head and bruises on the leg from which at times the plaintiff limps a little according to the testimony of his mother, there is some evidence tending to show that at times the plaintiff is nervous and cannot sleep well as a result of the shock and we cannot say that under all the circumstances the judgment is excessive. There are other errors complained of which it is not necessary to discuss as they will probably not appear on another trial. For the errors mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*