Harry S. Streeter, Administrator of the Estate of Burry J. McGann, Deceased, Plaintiff in Error, v. Calista Humrichouse, Defendant in Error.

Gen. No. 8,563.

Opinion filed February 23, 1933. Rehearing denied May 2, 1933.

HUNTER & MINOR and MILLER & SHAPIRO, for plaintiff in error.

JOHN A. MAYHEW and MANN & STIFLER, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

This is an action brought in the circuit court of Kankakee county to the May Term 1928 to recover damages for the alleged wrongful death of plaintiff's intestate, sustained in a collision between a locomotive

of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company and an automobile of the defendant.

Four trials of the cause have been had in the circuit court of such county. The first trial resulted in a verdict for the plaintiff. The defendant's motion for a new trial was confessed by the plaintiff. A second trial was had at the October Term 1929 which resulted in a verdict for the plaintiff and upon motion for new trial being overruled an appeal was prosecuted to this court. Upon consideration this court reversed and remanded the cause. (*Streeter v. Humrichouse,* 261 Ill. App. 556.)

The defendant upon the cause being redocketed in the circuit court, by leave of court, filed two additional special pleas herein by which she pleaded certain rules of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company forbidding employees to ride upon the footboard of locomotives when the same were in motion. Another trial was had upon the pleadings and such additional pleas, but the jury disagreed and was discharged. The cause was again heard at the January Term 1932 which resulted in a verdict for the defendant. Motion for a new trial was overruled and judgment against the plaintiff for costs entered on the verdict and this appeal is prosecuted to reverse such judgment.

The facts in this case are substantially that on September 23, 1927, plaintiff's intestate was employed as a switchman by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company in the City of Kankakee. The crew of which he was a member consisted of himself, Joseph E. Tooper and M. L. Dufresne. This crew went to work on the day in question about 3:30 in the afternoon. They took the engine from the roundhouse of the said railway company in Kankakee to a point approximately one mile south and east of such roundhouse where the yard office of such railway company is

located. About a quarter of a mile south and east of this yard office the railway tracks are crossed by an 18-foot concrete pavement running in an east and west direction and commonly known as State Route 17, and also known as Court street.

On the day in question this train crew had taken certain cars to other yards beyond this crossing and as the locomotive returned, backing in a northwesterly direction, that is to say, the locomotive was headed in a southeasterly direction with the coal tender at the rear, the plaintiff's intestate was riding upon a foot-board at the end of the tender.

At the intersection of the railway tracks and the State Route 17 a collision occurred between the train and an automobile driven by or on behalf of the defendant, and plaintiff's intestate, Burry J. McGann, was injured and, as a result of such injury, died.

The declaration consisted of 15 counts, all charging negligence of various forms, except counts Nos. 1, 6, 9, 13 and 14, which alleged wilful and wanton injury.

At the conclusion of the evidence for the plaintiff the court gave an instruction to the jury withdrawing from the consideration of the jury counts Nos. 1, 6, 9, 13 and 14 so that the questions submitted to the jury were only the questions of negligence of the defendant and the question of contributory negligence of plaintiff's intestate.

Substantially the same evidence as was introduced upon the former trial and which was considered by this court upon the former appeal was introduced at the last trial. Inasmuch as such evidence is detailed in our reported opinion thereof, it is unnecessary to repeat it here.

At that time, on substantially the same testimony, we held that the evidence failed to support the counts alleging wilful and wanton injury, and after careful examination of all the evidence presented on this occa-

sion we see no reason for the adoption of a different conclusion upon this point. The evidence does not support such counts and the trial court properly excluded from the consideration of the jury all of the counts alleging wilful and wanton injuries.

When the defendant filed her two special pleas, as above referred to, expressly pleading certain rules of the railroad company, prohibiting employees from riding upon footboards of locomotives, the plaintiff went to trial without controverting the sufficiency of such pleas in any particular. The trial court permitted the defendant to prove and to introduce into evidence, under the special pleas above mentioned, a copy of the rules and regulations of such railroad company so prohibiting employees from riding upon footboards of locomotives and this action on the part of the court is now assigned as error.

It is asserted that such rules were incompetent and our attention is directed to the case of *Chicago, R. I. & P. Ry. Co. v. Downey,* 96 Ill. App. 398. Although at first impression some of the language of this case would seem to support such proposition, yet from an examination of the facts therein it is disclosed that the deceased was not an employee of the railroad company, and the court held that inasmuch as deceased was not an employee of the company, it could not be assumed that he had knowledge of the rules of the defendant company. Yet, in passing upon the question, the court expressly recognized the competency of the rules of the company in cases where (as in the case at bar) the deceased was an employee of the company as determined in *St. Louis, A. & T. H. R. Co. v. Bauer,* 156 Ill. 106; *Chicago & Alton R. Co. v. Kelly,* 75 Ill. App. 490. The conclusion of the court in that case so cited was to the effect that although the rules of the company were competent in cases where the deceased was an employee, yet they were incompetent where the deceased was not an employee of the railroad company.

It therefore follows that the authority does not support the contention of the appellant, but in reality is in support of the action of the trial court herein.

In *Romani v. Shoal Creek Coal Co.*, 271 Ill. 360, on page 367 the court said: "Whether the death of plaintiff's intestate resulted from the wilful failure of defendant to comply with the requirements of the statute, as alleged, and whether defendant was rightfully at the place where the injury occurred, was properly submitted for determination by the jury. . . ."

In view of the fact that the question of contributory negligence was directly raised by the special pleas so filed by the defendant, it is our conclusion that the trial court did not err in admitting into evidence these rules for the reason that under the pleadings these rules were competent for the purpose of tending to show contributory negligence on the part of deceased.

Complaint is made that the court erred in the giving of instruction 15 in behalf of the defendant, which instruction in effect told the jury that "if you believe from the evidence that the death of the decedent was caused by accident purely, happening without the negligence of any person, then there could be no recovery and you should find the defendant not guilty." In support of the objection to this instruction the attention of the court is called to the case of *Peters v. Madigan*, 262 Ill. App. 417, in which a similar instruction was criticized by this court, but we believe that counsel has misconceived the holding in that case, in that we there held that the instruction so criticized by us should not have been given in that particular case, but we did not hold that the instruction was not proper in any case. The court could have with propriety refused the instruction but in view of the state of the record we are not prepared to say that the judgment should be reversed on account of its having been given.

Complaint is also made to some other instructions herein but from a careful consideration of all the in-

186

structions and of the arguments presented, we are satisfied that, taken as a whole, the jury was fairly and properly instructed relative to the law applicable to this case and that there is no reversible error in the giving or refusing to give the instruction of which complaint is made.

Some other objections have been urged as to the admissibility of some of the evidence. From a careful consideration of all of the testimony in this case we are of the opinion that the parties litigant have had a fair trial and that the judgment of the circuit court of Kankakee county should be affirmed.

The judgment of the circuit court of Kankakee county is affirmed.

*Affirmed.*