(No. 4306-

CARL P. ROMMEL, ILEENE ROMMEL, AND JANET STOUT, A MINOR BY HER FATHER AND NEXT FRIEND, JAMES J. STOUT, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1951.*

WINSTON, STRAWN, SHAW AND BLACK, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimants, Carl P. Rommel and Ileene K. Rommel, his wife, and their granddaughter, Janet Stout, by her father and next friend, James J. Stout, seek to recover from respondent for its negligence in failing to light and warn of the presence of barricades, located in the center

of one of the public highways, maintained and controlled by respondent.

The Departmental Report on file herein reads in part as follows:

"Marked U. S. Highway Routes 12 and 20 include that part of 95th Street in Cook County, Illinois, between marked U. S. Route 45 on the west and marked Illinois Route 7 (Southwest Highway) on the east. Having the status of a marked U. S. highway, that section of 95th Street is a part of the System of State Highways, and is subject to operation, maintenance, and reconstruction by the State of Illinois.

"Between U. S. Route 45 and State Route 7, 95th Street has a concrete pavement width of 40 feet, divided into four traffic lanes of 10 feet each. There are two lanes for east bound traffic and two lanes for west bound traffic.

"During the week of October 23 to 29, 1949 a maintenance force of the Division of Highways was engaged in patching the pavement on 95th Street between Kean Avenue and Southwest Highway. All patching was done in the inner lanes, thus leaving the outside lanes for east and west bound traffic open to unrestricted travel at all times.

"Patching consisted of removing an area of damaged or deteriorated pavement and replacing it with new concrete. A rectangular section between the center line of the pavement and the division line between the inner and outer traffic lanes was removed down to the earth subgrade. After the new concrete was poured it was permitted to cure for a period of four days before exposure to unrestricted traffic use.

"The most westerly of the patches made between Kean Avenue and Southwest Highway was completed on Thursday, October 27, 1949. This patch is in the inner of the two lanes for east bound traffic. Immediately after the patch was completed standard barricades were set up on the east and west sides of the patch. . . ."

October 30, 1949, was a cloudy day. A few minutes before 5:00 P.M., and just after sunset on that day, Mr. Rommel and his wife, together with their granddaughter, aged two and one-half, left their home in LaGrange, Illinois, in Mr. Rommel's car to drive to the home of their granddaughter's parents.

The car, a 1949 Mercury sedan, with only about 5,000 miles on it, was in good mechanical condition, having recently been checked.

Their route took them along 95th Street in an easterly direction. The car lights were burning in the dimmed

position, and Rommel drove along 95th Street at 40-50 miles per hour in the inside of the two right lanes. The terrain was hilly but gently rolling. All three sat in the front seat, but did not engage in conversation, and the granddaughter, sitting between her grandfather and grandmother, was quiet. The car windshield was clean; it was dark and the pavement was dry.

Rommel was familiar with 95th Street, but the last time he had travelled over it no patching was going on, and he did not know that barricades were placed in the two center lanes of the four-lane highway.

At about 5:15 P.M. Rommel's car crested a rise in the highway on 95th Street, and about 70 feet beyond the crest his lights suddenly illuminated an unlighted barricade about 40-50 feet in front and in the lane of his car. He swerved to the right to avoid the barricade, but lost control of his car. It plunged across the road shoulder and down into a ravine, and crashed against a tree, which stopped and heavily damaged the car, and caused severe injuries to Mrs. Rommel, and minor injuries to Janet Stout.

Two disinterested witnesses, one an eye witness and the other a police officer, who was called to investigate the accident, testified for claimants. Their testimony showed that an employee of respondent was engaged in lighting the flares at the various barricades moving from east to west. Such employee did not light the flares at the barricade Mr. Rommel was involved with until two other cars almost crashed into it, and the most westerly flare set up by such employee on the highway was in the same lane but on the west side of the crest of the rise, since the flares lighting the barricade were not visible until the crest was reached. Their testimony also showed that there was no flare illuminating a sign along

on the highway shoulder 550 feet west of the crest of the hill, which was black and yellow and bore the legend "Road Repairs Ahead."

It is our opinion that respondent was guilty of negligence. *Pomprowitz* v. *State*, 16 C.C.R. 230. In fact, respondent impliedly so concedes, since its sole defense asserted in its brief is that Mr. Rommel was guilty of contributory negligence. Such defense is, of course, not available against the claim of the two and one-half year old granddaughter, but as to her claim respondent maintains the $500.00 damages sought are excessive. No defense is asserted against Mrs. Rommel's claim.

Respondent relies on the familiar rule that one cannot be heard to say that he did not see, when, if he had looked, he would have seen. *Greenwald* v. *B. & O. R. R.*, 332 Ill. 627. The application of this rule cannot be made in this case, as is manifest from the foregoing statement of facts. The more recent pronouncements of the Courts in this State lead us to the conclusion that Rommel was not contributorily negligent as a matter of law or in fact. *Rees* v. *Spillane*, 341 Ill. App. 647; *Williams* v. *Walsh*, 341 Ill. App. 543, 95 N. E. 2d 743. Of course, even if Mr. Rommel had been guilty of contributory negligence, such negligence was not imputable to Mrs. Rommel. *Monken* v. *B. & O. R. Co.*, 342 Ill. App. 1.

All claimants are, therefore, entitled to awards.

As to the damages, Section 8 C of the Court of Claims Act limits recovery to $2,500.00 for each claimant.

Carl P. Rommel is clearly entitled to $2,500.00 since his car was damaged to the extent of $1,000.00, and he expended over $3,000.00 for hospital, doctor and nursing bills for Mrs. Rommel. He makes no claim for personal injuries.

Ileene K. (Mrs.) Rommel is also entitled to $2,500.00. She sustained fractures of both legs and one hand, severe bruises about her head and mouth. She was hospitalized for two and one-half months, and was confined to her bed at home until March 26, 1950. She used a walker for some time, and still walks with a cane, and is unable to perform her household duties. The flexion of her left knee is permanently impaired and X-Rays disclosed definite indications of traumatic arthritis in such knee. That Mrs. Rommel suffered great pain for some time is beyond question.

James J. Stout, the father of Janet Stout, testified at the hearing that he waived all claims that he might have to amounts expended for the treatment of his daughter's injuries so that she could recover such in her name. This has been held to be permissible. *McHugh* v. *Hirsch Clothing Co.*, 308 Ill. App. 272.

That Janet Stout went through a terrifying experience can not be denied. A cut on her head required several stitches, and she was so frightened that she screamed for some time after the accident. She now becomes easily frightened by the noise of sirens or screeching brakes. Although her medical bills amounted to only $30.00, we feel that we would be remiss if we confined her recovery to nominal damages for a mental scar, the effect of which is definite and of uncertain duration. A recovery greater than the amount she seeks was approved in *Frank* v. *B. &·O. S. R. Co.*, 269 Ill. App. 129, for somewhat similar injuries. Janet Stout is, therefore, entitled to the damages claimed of $500.00.

An award is entered in favor of claimant, Carl P. Rommel, for $2,500.00.

An award is entered in favor of claimant, Ileene K. Rommel, for $2,500.00.

An award is entered in favor of Janet Stout, a minor, by James J. Stout her father and next friend, for $500.00.