The Toledo, Wabash and Western Railway Co.

*v.*

John Jones.

| | |
|---|---|
| 76 | 311 |
| 140 | 479 |
| 76 | 311 |
| 42a | 29 |
| 76 | 311 |
| 47a | 295 |
| 76 | 311 |
| 63a | 146 |
| 76 | 311 |
| 94a | 188 |
| 76 | 311 |
| 100a | 500 |

1. Pleading and evidence—*ground of action not stated in declaration.* Where, in an action against a railroad company, to recover for injuries received at a public road crossing by a collision of the train with plaintiff's wagon and team, the declaration alleged that the company neglected to keep the crossing in repair, there being no averment that the condition of the crossing contributed to the injury, but the gravamen of the action was the neglect to give the statutory signal or warning before reaching the crossing, and neglect in not slackening the speed of the train: *Held,* that evidence of the condition of the crossing was not admissible.

2. Negligence—*neglect of railroad company to give signals at road crossings.* In an action to recover damages against a railroad company for injuries received at a road crossing by a collision with plaintiff's team, it

is error to instruct the jury to find the defendant guilty of negligence from the mere fact that a bell was not rung or whistle sounded as required by law, regardless of the consideration whether the failure contributed to the accident or not.

3. The omission to ring a bell or sound a whistle at a road crossing does not render a railroad company liable for injury to animals or to a person, unless it is made to appear the warning might have prevented the injury.

4. In a suit against a railroad company to recover for injuries sustained by a collision with its train, it is error to instruct the jury that, if the train was behind time, a higher degree of care on the part of the company was required in approaching a road crossing. Such companies are bound at all times, in approaching road crossings, to observe due care and caution.

5. SAME—*plaintiff's care not lessened at road crossing because train is behind its time.* There is nothing which can relieve a person from the duty of using due care and caution at a railroad crossing of a public highway. Therefore it is erroneous to instruct the jury, in a suit to recover damages for injuries received at such crossing, that if the train inflicting the injury was behind its regular time, this excused the plaintiff from using the same care and caution required of him had the train been on time.

6. SAME—*relative duty of railroads and persons traveling highways.* Where a railroad train, and a person traveling the highway with his wagon and team, each approaches a railroad crossing at the same time, it is not the duty of the company to stop its train, but it is the duty of the traveler, in obedience to the known custom of the country, to stop his team, and not attempt to pass in front of the advancing train.

7. SAME—*where plaintiff is guilty of negligence.* Where the plaintiff, when nearing a railroad crossing with his wagon and team, saw an advancing train, which was in plain view for some considerable distance, and, supposing he could cross in time, attempted to do so, and when he found he could not, his horses became unmanageable through fright, and a collision occurred, it was *held,* that, owing to his own negligence, he could not recover for the injuries received, and a judgment in his favor was reversed.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action on the case, by John Jones against the Toledo, Wabash and Western Railway Company. The opinion states the essential facts of the case.

Messrs. Nelson & Roby, and Mr. A. J. Gallagher, for the appellant.

Messrs. Crea & Ewing, and Messrs. Park & Lee, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

. This was case, in the circuit court of Macon county, against a railroad company, for negligence. The jury found for the plaintiff, and assessed the damages at five thousand dollars. A motion for a new trial was entered by the defendant, which, on a *remittitur* of one thousand dollars being allowed by plaintiff, was denied, and judgment rendered for four thousand dollars, to reverse which defendant appeals.

The point, that the damages are excessive, though assigned as one of the reasons for a new trial, and also assigned as error, is not argued by appellant, and we will not consider it. The points made and relied on for reversal are, admitting improper evidence for the plaintiff, in this, that one Hall was permitted, against defendant's objection, to testify as to the condition of the culvert at the crossing.

Although it is alleged in the declaration that defendant neglected to keep the crossing in repair, it is not alleged that being out of repair contributed to, or caused the accident. The liability of the company was placed upon the negligent management of the train by not lessening the speed, and not giving the required warning. As to the crossing, the allegation is, that the defendant neglected to maintain and keep it in repair; carelessly and negligently conducted the locomotive and train on its approach to the crossing, by not slackening speed and not giving warning of the approach of the train to plaintiff; while he was driving to and across the railroad with all due care and caution, and while passing along such highway, the wagon, etc., was struck and overturned by said locomotive and train.

It is not perceived there is any allegation that the condition of the crossing contributed to the injury. It is no part of

the gravamen of the action. Suppose a crossing is out of repair, as they will be sometimes, and no injury results to any one from its being in a dilapidated condition, an action of this kind will not lie, nor can its condition be used as a make-weight to sustain an entirely different charge in which the condition of the crossing is not an element.

This point is well taken, and permitting evidence to go in, against the objections of defendant, was error, and the instructions based upon that evidence should not have been given.

Appellee insists there is authority for the introduction of such evidence, and for the instructions thereon, in *Indianapolis and St. Louis R. R. Co.* v. *Staples*, 62 Ill. 313. In looking at that case we find nothing on this point, and are constrained to hold it was error to admit the testimony and give the instructions, as calculated to mislead the jury and draw their attention from the real *gist* of the action.

Appellant also complains that the third instruction should not have been given. It required the jury to find the defendant guilty of negligence, from the mere fact that a bell was not rung or a whistle sounded, regardless of the consideration whether the failure contributed to the accident or not.

This court said, in the case of this same company against *Blackman*, 63 ib. 117, that the provision of the statute requiring this duty of all railroads, is, that such companies shall be liable for any damages sustained by reason of the neglect to perform this duty, and not that it shall be liable for the mere non-performance; and, therefore, an instruction similar to the one now in review was erroneous; and the same was held in *Galena and Chi. Union R. R. Co.* v. *Dill,* 22 ib. 264.

In *Ill. Cent. R. R. Co.* v. *Phelps*, 29 ib. 447, it was held, that the omission to ring a bell or sound a whistle at a road crossing, does not render the company liable for injury to animals, unless it is made to appear the ringing or sounding might have prevented the injury. On the authority of these cases, we must hold the instruction erroneous.

It is also complained by appellant that the ninth instruction was erroneous. That instruction is as follows: .

"The court instructs the jury, for the plaintiff, that, if they believe, from the evidence, that the train which it is alleged injured the plaintiff, (if they believe, from the evidence, that he was so injured,) was two or more hours behind its usual time in passing such crossing where it is alleged that the injury occurred, such fact would, in law, relieve the plaintiff from using the same degree of care and caution on approaching said crossing that he would be required to use had said train passed said crossing at its usual time; and if the jury believe, from the evidence, that defendant was, at the time of the alleged injury, running its train of cars two or three hours behind its regular schedule time, then that fact (if shown by the evidence) would impose a higher degree of care on the part of the defendant, in approaching crossings of public highways, than would be required of the defendant when running on its regular time."

This instruction was wrong, for obvious reasons. Those managing a train of cars are bound at all times to approach a road crossing with due care and caution. To instruct the jury, therefore, that, if a train is behind time, they must observe more care and caution, is a proposition not sanctioned in law. Due care and caution is the maximum in either case. It is pertinently asked, in order to increase this care and caution, must the driver stop the train to see if any person is about to pass before his engine?

The other proposition contained in the instruction is equally erroneous.

There is nothing which can relieve a person from the duty of exercising due care and caution at a railroad crossing. It is not always the case that trains are on time, as is well known, hence the pressing necessity of using vigilance, care and caution at all times. The duty in this respect is well expressed in *Chi. and Alton R. R. Co.* v. *Jacobs*, 63 ib. 178.

The doctrine of the instruction is, where trains are not on time, a person crossing their track may be as reckless as he pleases.

It is further complained that appellant's first instruction was modified to their injury.

As asked, it was as follows :

" The court instructs the jury that it was not the duty of the engineer in charge of the locomotive, on nearing the road crossing, to stop his train for the purpose of avoiding a collision with the wagon and team he saw approaching the crossing, though by applying the brakes he could do so in time to avoid the collision; but it was the duty of the person in charge of the team, in obedience to the known custom of the country, to stop his team and not attempt to pass in front of the advancing train."

This instruction states the law, and is in conformity with the rulings of this court in *St. L. Alton and Terre Haute R. R. Co.* v. *Manly,* 58 Ill. 300, and *Chi. and Alton R. R. Co.* v. *Jacobs, supra.*

Appellant makes a point on the evidence, and herein, insists the verdict is not sustained by the evidence, and a new trial should have been granted. We are of opinion, after a careful examination of the record, that the great preponderance of the evidence on the question of negligence is in favor of appellant.

It is proved, by more than one disinterested witness, that, at the time of the accident, when appellee was being cared for, he said he heard the bell and saw the train, but could not control his horses. He said, at the time, there was no one to blame but himself.

The whole evidence shows that the most ordinary care and caution on the part of appellee would have prevented the accident, for he could see the train, if he had used his eyes properly, quite a distance before he reached the crossing, but he drove on recklessly and heedlessly. As one witness, not

employed by the railroad company, testified, appellee said he heard him ring the bell, and saw the train, but thought he could get across the track, and whipped up his horses, and when he found he could not get across, he could not hold his horses, and he had no one to blame but himself.

This case is so like in all its essential points to *Jacobs'* case, *supra*, that it can be decided in no other way than that was decided.

One incident in this matter, doubtless, influenced the jury very much in making up their verdict, as it was so well calculated to excite the warmest sympathies — that was, the death of the little boy riding in the wagon. Had not that death occurred, it is not probable a verdict would have been rendered for the plaintiff.

We are satisfied the case is with appellant on the law and on the evidence, and so believing, the judgment is reversed.

*Judgment reversed.*