JOSIE NEWELL, Admx., Defendant in Error, vs. THE CLEVE-
LAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY
COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1914.*

1. NEGLIGENCE—*allegation that plaintiff's intestate was using due care is essential.* In an action for damages for death caused by wrongful act, an allegation that the plaintiff's intestate was in the exercise of due care and caution for his safety at the time of the accident is a necessary and material one, and there must be some evidence tending to prove it.

2. SAME—*rule as to proof of care where the accident was not witnessed.* If the accident resulting in the death of the plaintiff's intestate was not witnessed by anyone, proof of due care on his part cannot be shown by direct evidence, but in such case it must be proved by the highest proof of which the case is capable, such as proof of the habits of the deceased as to sobriety and prudence and caution in the ordinary affairs of life.

3. SAME—*due care cannot be presumed solely from the human instinct of self-preservation.* Due care upon the part of the deceased at the time of the accident, to which there were no eye-witnesses, cannot be presumed from the mere fact of the happening of the accident and a consideration of the human instinct of self-preservation, and there can be no recovery in the absence of any evidence tending to show that deceased was exercising due care. (*Collison v. Illinois Central Railroad Co.* 239 Ill. 532, followed.)

4. SAME—*a pedestrian does not have equal right with railroad company to pass over track.* While a pedestrian has a right to pass over a railroad track at its intersection with a public street, yet it is incumbent upon him to exercise ordinary care in doing so and to stop upon observing an engine or cars about to pass over the crossing, and it is error to instruct the jury that he has an equal right with the company to pass over the railroad track.

5. SAME—*when giving an instruction as to effect of intoxication of plaintiff's intestate is improper.* Where there were no eye-witnesses to the accident resulting in the death of the plaintiff's intestate and there is no testimony tending to show that he was in the exercise of due care, it is improper to give an instruction stating that even though the jury believed, from the evidence, that he was intoxicated at the time of his death and immediately before, that fact would not bar a recovery for the plaintiff.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

P. J. KOLB, and W. F. SCOTT, (BERTRAND WALKER, and ROBERT J. CARY, of counsel,) for plaintiff in error.

SIGEL CAPEL, and DORRIS & LEWIS, for defendant in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

Defendant in error, as administratrix of the estate of George W. Newell, deceased, brought suit against plaintiff in error in the circuit court of Saline county to recover damages for the death of her intestate.

The first count of the declaration charges that the deceased was walking on Walnut street, in the city of Harrisburg, with due care and caution for his own safety, and while attempting to cross the railroad tracks of plaintiff in error in said street the servants of said plaintiff in error so carelessly propelled and ran a locomotive engine upon such tracks upon and against the said George Newell that he was thereby killed. The second and third counts charge failure on the part of plaintiff in error to comply with its statutory duty to ring a bell or sound a whistle before reaching the crossing in question.

The accident occurred on October 2, 1910. No one witnessed it, and there was therefore no direct testimony as to how it occurred. The first knowledge that anyone had that Newell had been killed was when his body was found at one end of the planking of the street crossing over the railroad tracks, and his head, which was severed from the body, was found at the other end of the planking. The switch engine of plaintiff in error had just passed over this crossing and was manned by the engineer, fireman and

switching crew, but none of the crew saw the deceased before he was killed.

The jury returned a verdict in favor of the defendant in error for $1300, upon which judgment was rendered. This judgment was affirmed by the Appellate Court for the Fourth District, and the judgment of the Appellate Court has been brought up for review by writ of *certiorari.*

The evidence was conflicting as to whether the bell had been rung or the whistle sounded before the switch engine crossed Walnut street, and also as to whether a headlight was displayed from the tender of the engine, which was being propelled backward. Numerous witnesses testified on behalf of plaintiff in error that the deceased was intoxicated at the time of the accident, while some of the witnesses called on behalf of defendant in error testified that he was sober at that time. No proof whatever was offered as to any fact or circumstance which would tend to show that the deceased was in the exercise of due care and caution at the time of the accident. At the close of the evidence on behalf of defendant in error, and again at the close of all the evidence, the plaintiff in error asked the court to give a peremptory instruction to find it not guilty. These motions were denied. The grounds urged for reversal are, the action of the court in refusing to direct a verdict, the giving of various instructions on behalf of defendant in error, and the refusal to give a number of instructions asked by plaintiff in error.

It is urged that the trial court erred in refusing to direct a verdict for the reason that defendant in error failed to prove (1) that deceased was in the exercise of due care for his own safety at or immediately prior to the time of the accident; (2) that the deceased was struck on the Walnut street crossing; and (3) that the deceased was sober at the time of the accident.

One of the instructions complained of evidently expressed the view of the trial court as to the necessity of

proof of the exercise of due care and caution on the part
of deceased at the time he was killed and no doubt fur-
nishes the reason for the court's refusal to direct a ver-
dict. That instruction, numbered 10, is as follows:

"Upon the question of whether George Newell was in
the exercise of ordinary care for his own safety when he
lost his life, the court instructs you that if you believe,
from the evidence, that he was killed while attempting to
cross the railroad track on Walnut street and that no one
saw the accident, then you are warranted in finding, from
the well-known instinct which men ordinarily have to try
to preserve their lives and not destroy them, that he was
in the exercise of ordinary care for his own safety, unless
you further believe, from the evidence, that said George
Newell was under the influence of intoxicating liquor to
such an extent as to render him incapable of exercising
such ordinary care or as to make him reckless, or that there
were other circumstances indicating a want of such ordi-
nary care."

The allegation in the declaration that the deceased was
in the exercise of due care and caution for his own safety
at the time of the accident was a necessary and material
allegation and must be proven. As there were no eye-wit-
nesses to the occurrence this allegation could not be proven
by any direct testimony, but it still devolved upon defend-
ant in error to establish the exercise of ordinary care on
the part of her intestate by the highest proof of which the
case is capable. (*Collison* v. *Illinois Central Railroad Co.*
239 Ill. 532; *Stollery* v. *Cicero Street Railway Co.* 243
id. 290.) The jury were not warranted, under the rules
of law as recognized in this State, in presuming, from the
mere occurrence of the accident and in the absence of any
direct testimony as to how it occurred, that the deceased
was in the exercise of ordinary care for his own safety
solely because of the well-known instinct which men ordi-
narily have to preserve their lives and not destroy them,

as was stated in the tenth instruction. We have many times had occasion to discuss the proof necessary to establish the exercise of due care and caution in cases where there are no witnesses to the accident which resulted in death. The rule as applied to such a situation as is here presented was accurately stated in *Collison* v. *Illinois Central Railroad Co. supra,* where an instruction similar to instruction No. 10 was given. We there said that the instruction then under consideration "informed the jury that they had the right to take into consideration, with the other facts and circumstances proven in the case, the instinct which naturally leads men to avoid injury and preserve their own lives, in determining whether or not the deceased was using due care for his own safety. The instruction made no reference to the evidence concerning the character and habits of the deceased in respect to care, but stated the broad proposition as applying to all men. It is true that there is an instinct of self-preservation common to all and that such instinct raises a presumption against an affirmative act tending to destroy life, such as suicide, and raises a presumption as to the conduct of a person where there is a known danger to be avoided. The presumption is based upon human experience that a man will, in the presence of danger, act in accordance with the instinct of self-preservation, but that instinct is only operative when danger is perceived. The law recognizes that there are persons who are careless, heedless and inattentive as well as those who are prudent and careful, and that the instinct of self-preservation does not uniformly lead men to exercise care to ascertain whether conditions exist which are likely to inflict injury. To establish and apply a general presumption in favor of care would obviate the necessity of making proof of the fact, which this court has uniformly held must be made. Where there is no eye-witness to the killing of a person, his administrator may establish the exercise of ordinary care on the part of

the deceased by the highest proof of which the case is capable. (*Missouri Furnace Co.* v. *Abend,* 107 Ill. 44; *Chicago and Atlantic Railway Co.* v. *Carey,* 115 id. 115; *Illinois Central Railroad Co.* v. *Nowicki,* 148 id. 29.) In the latter case it was said that where no one saw the killing, direct testimony as to care is not necessary but it may be inferred from the circumstances of the case. Reference was made to decisions of the courts of two other States relating to the instinct of self-preservation, but their views were not endorsed except in connection with evidence as to the character and habits of the deceased, which might make the presumption applicable to the particular individual."

In discussing this question in *Stollery* v. *Cicero Street Railway Co. supra,* we said: "While in an action of this nature the burden is upon the plaintiff to show the exercise of ordinary care to avoid the injury, to prove this, however, does not require direct evidence as to the injuries, but such care on his part may be inferred from the facts and circumstances in the case. Where there is no eye-witness to the killing of a person, his administrator may establish the exercise of ordinary care on the part of the deceased by the highest proof of which the case is capable, including the habits of deceased and any other facts and circumstances from which the jury might rightfully find that he was exercising such care."

Under this rule a plaintiff is not permitted, in cases where there are no eye-witnesses, to merely prove the accident which resulted in death and then rely upon the instinct of self-preservation common to all men to establish the exercise of due care and caution on the part of the deceased. It is incumbent upon the plaintiff in such a case to prove the habits of the deceased as to sobriety, as to prudence and the exercise of care and caution in the ordinary affairs of life, and as to any other particular that would tend to throw light upon the question of whether,

at the time of the fatality, he was likely to have been in the exercise of ordinary care. In the absence of any proof whatever which would tend to show that the deceased was in the exercise of ordinary care for his own safety, the defendant in error was not entitled to recover. The peremptory instruction asked for should have been given upon this ground.

As the case must be remanded for a new trial it will be necessary to note some of the other points raised.

The proof was sufficient to warrant the jury in finding that Newell was struck on the Walnut street crossing, as alleged in the declaration. The body was found at that point, and there was no indication that it had been struck at any other place, except that the head had been severed from the body and was some feet distant and the hat of deceased was found at a point still farther from the body.

Complaint is made of the giving of six instructions other than instruction No. 10. By the second instruction the jury were informed that the deceased had a right to use any part of Walnut street in crossing the railroad of plaintiff in error, and that in so doing he "had an equal right with the defendant railway company to pass over said railroad track of the defendant." By this instruction the jury would have been warranted in believing that the deceased was not required to use ordinary care in crossing over the railroad tracks of plaintiff in error, or that the servants of plaintiff in error were required to use the same degree of care and caution to avoid injuring the deceased as he was required to use to avoid being injured. This is not the law. Where a railroad train and a person traveling on the highway each approaches a railroad crossing at the same time, it is not the duty of the company to stop its train, but it is the duty of the traveler, in obedience to the known custom of the country, to stop and not attempt to pass in front of the advancing train. (*Toledo, Wabash and Western Railway Co.* v. *Jones, 76*

Ill. 311; *Chicago, Burlington and Quincy Railroad Co.* v. *Damerell,* 81 id. 450.) While the deceased had the right to pass over the railroad track at its intersection with Walnut street, it was incumbent upon him to use ordinary care for his own safety while doing so, which would include observing whether a train, engine or cars were about to pass over the crossing. This instruction should not have been given.

Instruction No. 9 given on behalf of defendant in error is as follows:

"You are instructed that although you may believe, from a preponderance of the evidence, that George Newell, at the time of his death and immediately before, was intoxicated, this fact, if it is a fact, is not, of itself, a bar to recovery by the plaintiff."

While this instruction correctly states an abstract proposition of law, it was improper to give it under the facts in this case. If the deceased was, in fact, intoxicated at the time of the accident, that was a fact which would tend to show that he was not in the exercise of ordinary care.

The other instructions given, and which have been complained of, were proper.

Complaint is made of the refusal of the court to give twelve instructions asked on behalf of plaintiff in error. Of these, refused instructions Nos. 3 and 10 correctly stated the rule as to the proof required of the exercise of due care and caution on the part of deceased at the time of the accident, and one of them should have been given. The other instructions were all properly refused. Some of them were clearly improper and the others were covered by instructions given.

For the reasons indicated, the judgment of the Appellate Court is reversed and the cause is remanded to the circuit court for a new trial. *Reversed and remanded.*