## Eugene J. Lamarre, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company et al., Appellants.

### Gen. No. 6,728.

1. APPEAL AND ERROR, § 1184*—*when counts disregarded.* Where, in an action to recover for the death of a minor killed by defendant's train, no evidence is offered by plaintiff as to a failure to ring a bell or blow a whistle, on appeal from a judgment for plaintiff, counts in the declaration setting up such omissions will be disregarded.

2. RAILROADS, § 651*—*when recovery for ordinary negligence barred by contributory negligence.* In an action to recover for the death of one killed by defendant's train as he was walking on its track at a street intersection, where there were eyewitnesses to the accident, plaintiff offers no evidence tending to show that deceased was in the exercise of ordinary care for his safety at the time of and just before the accident and the only one of his witnesses who saw the accident or saw deceased within half a block thereof testified that he did not see deceased until just before the accident and that deceased was crossing at his natural gait, whereas the evidence of defendant's witnesses tends to show that deceased was guilty of contributory negligence, no recovery can be had under the counts of the declaration charging ordinary negligence.

3. APPEAL AND ERROR, § 1392*—*when refusal to direct verdict not disturbed.* In an action to recover for the death of one killed by defendant's trains, the Appellate Court will not overrule the action of the trial court in refusing to direct a verdict for the defendant, notwithstanding there is no evidence in the record tending to show that deceased was not guilty of contributory negligence and the evidence tending to show wanton and wilful negligence on defendant's part is very slight.

4. RAILROADS, § 779*—*when instruction erroneous as ignoring element of due care on plaintiff's part.* In an action to recover for the death of one struck by defendant's train while he was on its track in a public street, it is error to instruct that "under the law of this State the general public have the right to use and travel upon the entire street in any city, including that portion of it on which railroad tracks are laid, and that the public are in no sense to be considered as trespassers for so doing," and that if the jury

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

believe from the evidence that the place where deceased was killed was a public street in the city upon which railroad tracks had been laid, still deceased "had a right to use and travel upon the entire street including that portion of it on which said tracks were laid, and that he in no sense is to be considered as a trespasser for so doing," as it ignores the question of due care on the part of deceased and tends to mislead the jury into thinking that he had as much right on such track as defendant's train had at that time.

5. RAILROADS, § 607*—*rights and duties on streets compared with street railways.* The respective rights and duties of pedestrians and railroad trains at street intersections in cities are not the same as the respective rights and duties of pedestrians and street cars.

6. RAILROADS, § 611*—*duty to persons using streets.* A railway company having its track in a city street must employ all reasonable means to avoid injuring persons rightfully using that portion of the street occupied by its tracks, subject to the rule that such persons must exercise ordinary care for their own safety and not obstruct the passage of the cars.

7. RAILROADS, § 611*—*right of pedestrian to walk upon tracks laid in street.* A person may walk upon the tracks of a railway company laid in a street without becoming a trespasser, but in obedience to the well-known custom of the country, it is his duty to leave the tracks when his presence there serves to impede the passage of the cars.

8. INSTRUCTIONS, § 118*—*basis on evidence.* Instructions must be based on the evidence.

9. RAILROADS, § 775*—*when instruction on duty to warn erroneous as not supported by evidence.* In an action to recover for the death of one killed by being struck by defendant's train, it is improper to give an instruction as to defendant's liability in case its employees saw deceased on the track in a position of danger in time to have warned him or to have stopped the train, where there is no evidence in the case in support thereof.

10. WORDS AND PHRASES—*recklessness defined.* Recklessness is "the state or quality of being reckless; heedlessness; carelessness; negligence."

11. RAILROADS—*when instruction on wilfulness erroneous as making it synonymous with recklessness.* In an action to recover for the death of one killed by being struck by defendants' train, it is error to instruct the jury that "certain of the counts of the plaintiff's declaration allege that the deceased, Louis Walters, was killed by the wilful and wanton act of the defendants, and the court further instructs you that contributory negligence of a person who

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is injured or killed is no defense in any case where the action of the defendant is wilful, wanton and reckless, and injury or death ensues from the result. And the court further instructs you that if you believe from a preponderance of the evidence that the employees of the defendants operating the train in question, saw Louis Walters in a position of danger a sufficient length of time to have warned him or to have stopped the train and thereby avoided the injury to him, or that said employees failed, through their own recklessness, to discover the danger of Louis Walters when by the exercise of ordinary care they could have discovered the danger, and averted the injury, and thereby Louis Walters was killed, then the fact that you might find that the said Louis Walters was guilty of contributory negligence would be no defense," since such instruction makes recklessness the equivalent of wilful and wanton negligence and does not distinguish between negligence and wilful and wanton negligence.

12. NEGLIGENCE, § 91*—*what degree of recklessness creates liability irrespective of contributory negligence.* Recklessness of a defendant which will render him liable in the absence of ordinary care on the part of the plaintiff is such negligence as shows a disregard for life or property.

Appeal from the Circuit Court of Kankakee county; the Hon. A. W. DE SELM, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded. Opinion filed March 9, 1920.

W. R. HUNTER, for appellants.

J. BERT MILLER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

At Kankakee the Illinois Central Railroad runs north and south and the Kankakee & Seneca Railroad, which is a part of the Cleveland, Cincinnati, Chicago & St. Louis Railway, commonly called the "Big Four," runs east and west. A "Y" turns off from the Illinois Central tracks some distance north of the crossing of the roads and runs to the southeast on a curve until it joins the Kankakee & Seneca east of the crossing.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The Kankakee & Seneca tracks are laid in Cypress street, one of the public streets of the City of Kankakee. After coming around the Y, Big Four trains from the north run east on Cypress street a few blocks to the passenger station of the Big Four. The railroad tracks on Cypress street are frequently used for the public travel.

On February 27, 1916, Louis Walters, a boy 15 years of age, while walking east upon the main track of the Kankakee & Seneca on Cypress street, at its intersection with Dearborn street, was struck and killed by a passenger train which had just come from the Y and was going east to the Big Four station. This suit was brought by the administrator of the estate of Louis Walters, deceased, appellee, against appellants, the Big Four and Illinois Central Railroad Company. The trial in the circuit court resulted in a judgment of $5,000 in favor of appellee, from which appellants appealed to this court.

The declaration in the case contains twelve counts, the first alleging general negligence in operating the train. The fifth is the same except that the negligence is charged to have been wilful and wanton. The second count is upon the statutory requirement as to sounding a bell or whistle and alleges failure to ring a bell or blow a whistle. The sixth is the same except that the failure to ring bell or blow whistle is charged to have been wilful and wanton. The third count charges that there was an ordinance of the City of Kankakee requiring the bell of each locomotive to be rung continuously while running within the city and a failure to comply therewith. The seventh count was the same except that the failure to ring bell was alleged to have been wanton and wilful. The fourth count charges a violation of a city ordinance limiting the speed of passenger trains to 10 miles per hour. The eighth count charges such violation to have been wilful and wanton. The ninth count charges that defend-

ants wantonly and wilfully ran the train over *deceased*. The other counts were repetitions.

Appellee offered no evidence as to a failure to ring a bell or blow a whistle and those counts are eliminated from our consideration.

There were eyewitnesses to the accident. Appellee offered no evidence tending to show that deceased was in the exercise of ordinary care for his own safety at the time of and just prior to the accident. The only one of the appellee's witnesses who saw the accident or who saw deceased within half a block of the accident is Fred Jewett, who testified that he did not see deceased until just before deceased was struck and that he was walking east at a natural gait on Cypress street within the limits of Dearborn avenue. The evidence of appellants' witnesses tended to show that deceased was guilty of contributory negligence. In this state of the record no recovery could be had under the counts of the declaration charging ordinary negligence.

At the close of appellee's evidence and at the close of all the evidence, appellants moved the court to instruct the jury to find the defendants not guilty, which motion the court denied and this action of the court is assigned as error. While there is no evidence in the record tending to show that deceased was not guilty of contributory negligence and the evidence tending to show wilful and wanton negligence on the part of the appellants is very slight, we are not disposed to overrule the court's action in this respect. *McCune v. Reynolds*, 288 Ill. 188.

It is urged that the court erred in giving appellee's third instruction, which is as follows: "The court instructs you that under the law of this State the general public have the right to use and travel upon the entire street in any city, including that portion of it on which railroad tracks are laid, and that the public are in no sense to be considered as trespassers for so doing, and in this case you are instructed, that, if you

believe from the evidence, that the place where Louis Walters was killed was a public street in the City of Kankakee upon which railroad tracks had been laid, still Louis Walters had a right to use and travel upon the entire street including that portion of it on which said tracks were laid, and that he in no sense is to be considered as a trespasser for so doing."

In *Toledo, W. & W. Ry. Co. v. Jones,* 76 Ill. 316, it is said: "It is further complained that appellant's first instruction was modified to their injury. As asked, it was as follows: 'The court instructs the jury that it was not the duty of the engineer in charge of the locomotive, on nearing the road crossing, to stop his train for the purpose of avoiding a collision with the wagon and team he saw approaching the crossing, though by applying the brakes he could do so in time to avoid the collision; but it was the duty of the person in charge of the team, in obedience to the known custom of the country, to stop his team and not attempt to pass in front of the advancing train.' " This instruction states the law, and is in conformity with the rulings of this court in *St. Louis, A. & T. H. R. Co. v. Manly,* 58 Ill. 300, and *Chicago & A. R. Co. v. Jacobs,* 63 Ill. 178. In *Newell v. Cleveland, C., C. & St. L. Ry. Co.,* 261 Ill. 511, it is said: "By the second instruction the jury were informed that the deceased had a right to use any part of Walnut street in crossing the railroad of plaintiff in error, and that in so doing he 'had an equal right with the defendant railway company to pass over said railroad track of the defendant.' By this instruction the jury would have been warranted in believing that the deceased was not required to use ordinary care in crossing over the railroad tracks of plaintiff in error, or that the servants of plaintiff in error were required to use the same degree of care and caution to avoid injuring the deceased as he was required to use to avoid being injured. This is not the law. Where a railroad train and a person traveling

on the highway each approaches a railroad crossing at the same time, it is not the duty of the company to stop its train, but it is the duty of the traveler, in obedience to the known custom of the country, to stop and not attempt to pass in front of the advancing train. (*Toledo, W. & W. R. Co. v. Jones,* 76 Ill. 311; *Chicago, B. & Q. R. Co. v. Damerell,* 81 Ill. 450.) While the deceased had the right to pass over the railroad track at its intersection with Walnut street, it was incumbent upon him to use ordinary care for his own safety while doing so, which would include observing whether a train, engine or cars were about to pass over the crossing. This instruction should not have been given.''

The instruction in the present case ignores the question of due care on the part of deceased which might tend to mislead the jury into thinking that deceased has as much right in walking in the railroad tracks in Cypress street as the railroad train had at the particular time in question. This is not the law in this State. The respective rights and duties of pedestrians and railroad trains at street intersections in cities are not the same as the respective rights and duties of pedestrians and street cars. The railway company must employ all reasonable means to avoid injuring persons rightfully using that portion of the street occupied by its tracks, subject to the rule that such persons must exercise ordinary care for their own safety and not obstruct the passage of the cars. A person may walk upon the tracks of a railway company laid down in a public street without becoming a trespasser, but in obedience to the well-known custom of the country, it is his duty to leave the tracks when his presence there serves to impede the passage of the cars. *North Chicago Elec. Ry. Co. v. Peuser,* 190 Ill. 67.

In *Pienta v. Chicago City Ry. Co.,* 284 Ill. 246, the following instruction was given: ''If you find from

the preponderance of the evidence, under the court's instructions, that Ashland avenue where the accident in question occurred was at said time a public highway, then the general public had the right to use and travel upon the entire street, including that portion of it on which car tracks were laid, and in so doing they were not trespassers; and it was the duty of operators of street cars in said street, when approaching places where part of the street occupied by their tracks was being used by another, to exercise reasonable care not to run into or injure the person so occupying such part of the street." In commenting on this instruction on page 263, the court says: "In our judgment this instruction, in the light of the facts in this record, might tend to mislead the jury into thinking that defendant in error and the driver, Ptasek, had as much right in driving on the northbound track as the northbound car had on that track. This is not the law in this State. Without question it is the duty of those operating street cars, even under such circumstances, to exercise reasonable care not to injure other persons occupying that portion of the street, but it is clearly not the law that a wagon would have a right on this northbound track equal with that of the northbound street car, and while, obviously, the driver of the wagon by driving on the northbound track in the opposite direction from the northbound car would not be a trespasser in so doing, yet the driver of the wagon would not have the same right on that track as would the northbound street car, and this instruction, worded as it was, in our judgment, in the light of this record, might tend to lead the jury to believe that he did have an equal right on this northbound track." The giving of the instruction in question was error.

Complaint is made of the giving of plaintiff's sixth instruction, which is as follows: "The court instructs you, that certain of the counts of the plaintiff's declaration allege that the deceased, Louis Walters, was

killed by the wilful and wanton act of the defendants, and the court further instructs you that contributory negligence of a person who is injured or killed is no defense in any case where the action of the defendant is wilful, wanton and reckless, and injury or death ensues from the result. And the court further instructs you that if you believe from a preponderance of the evidence that the employees of the defendants operating the train in question, saw Louis Walters in a position of danger a sufficient length of time to have warned him or to have stopped the train and thereby avoided the injury to him, or that said employees failed, through their own recklessness, to discover the danger of Louis Walters when by the exercise of ordinary care they could have discovered the danger, and averted the injury, and thereby Louis Walters was killed, then the fact that you might find that the said Louis Walters was guilty of contributory negligence would be no defense in this case.''

Instructions must be based on the evidence. There is no evidence in the case that any employee of appellants saw deceased in a position of danger a sufficient length of time to have warned him or to have stopped the train. It assumes that appellants' employees were guilty of recklessness and makes such recklessness the equivalent of wanton and wilful negligence. The word ''recklessness'' is defined in Webster's dictionary as: ''The state or quality of being reckless; heedlessness; carelessness; negligence.'' The instruction in question does not make a distinction between ordinary negligence and wilful and wanton negligence. We are mindful of the fact that the Supreme Court has twice used language which might be so construed where the recklessness shown by the evidence clearly showed an utter disregard for life and property, but the later decisions and the great weight of authority is that the recklessness of a defendant which will render him liable in the absence of ordinary care on the part of the plaintiff is

such negligence as shows a disregard for life or property.

"In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result. In order to establish wantonness it is not necessary to show an entire want of care. The violation of a statute does not constitute a wilful wrong. A wilful injury will not be inferred when the result may be reasonably attributed to negligence or inattention." 29 Cyc. 510.

This instruction should not have been given. *Neice v. Chicago & A. R. Co.*, 254 Ill. 604; *Freeman v. United Fruit Co.*, 223 Mass. 300, 111 N. E. 789.

For the errors in giving instructions the cause is reversed and remanded.

*Reversed and remanded.*