## Margaret Burns, Appellee, v. Chicago & Alton Railroad Company, Appellant.

1. RAILROADS—*care required of person approaching crossing.* It is the settled law in this State that one who approaches a railroad crossing must use an amount of care commensurate with the known danger.

2. NEGLIGENCE—*necessity of allegation of due care and caution.* In an action for personal injuries caused by the negligence of another, an allegation that plaintiff was in the exercise of due care and caution for his safety is necessary and essential.

3. NEGLIGENCE—*necessity of proof of due care.* To warrant recovery in an action for personal injuries, due care on the part of plaintiff must be supported by evidence, such due care not being presumed from the mere happening of the accident, the negligence of defendant and a consideration of the instinct of self-preservation.

4. RAILROADS—*when automobile driver fails to exercise ordinary care.* When plaintiff approached a railroad in an automobile going 10 to 15 miles per hour, having an unobstructed view for 29 feet before reaching the track and the ability to stop her car within that distance, but took no precautions to discover an approaching train and did not see it before she was struck, she failed to exercise such ordinary care for her own safety as would permit her to recover for damages sustained.

5. NEGLIGENCE—*on what liability for personal injuries must be based.* Liability for personal injuries cannot rest upon imagination, speculation or conjecture nor upon a choice between two views equally compatible with the evidence, but must be based upon facts established by evidence fairly tending to prove them.

Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed October 25, 1921.

COVEY & WOODS, for appellant; SILAS H. STRAWN, of counsel.

McCORMICK & MURPHY, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit brought by appellee against appellant to recover damages for personal injuries sustained by appellee as the result of a collision between a limited through southbound passenger train of appellant and a Hudson touring car driven by appellee at a highway crossing in the village of Elkhart. A jury trial resulted in a verdict for $4,500 damages in favor of appellee with special findings that appellee in approaching the railroad crossing in question exercised such care and caution for her own safety as an ordinarily prudent, careful and cautious person would have exercised under the circumstances and with a similar knowledge, and that if appellee in approaching the railroad crossing in question exercised such care and caution as an ordinarily prudent, careful and cautious person would have exercised under the circumstances shown to be existing and with a similar knowledge of conditions, she could not have discovered the approach of the train in question in time to have avoided injury.

Judgment was rendered on the verdict, from which judgment appellant has appealed to this court.

At the point where the accident occurred, appellant had two lines of main track paralleling each other about 8 feet apart, the westerly being the southbound and the easterly the northbound. West of the southbound track was a switch track the east rail of which track was 29 ft. 7 in. from the west rail of the southbound track. There was a good plank crossing 15 feet wide over the tracks and between the switch and main tracks was a dirt road, solid, dry and in good condition. This road over the switch and main tracks at the point in question, though never formally laid out, had been used by the public for many years and ran westerly about 300 or 400 feet and connected at that point with a public highway running north and south.

It ran easterly over the railroad tracks and connected with a street of Elkhart village. Lying north of this roadway immediately west of and adjoining the defendant's right of way were a grain elevator, a small office, sand bin, a lumber or cement shed and trees, so that the view of a person traveling this roadway east was obstructed while approaching the tracks until he came to the switch track. From the switch track the view of approaching trains from the north or the south was entirely unobstructed.

On the day in question the evidence shows that there was on the switch track a coal car, the south end of which was about 10 or 12 feet north of the north edge of the crossing planks. The evidence likewise shows that for years it had been customary in the course of business for cars to be setting on this switch track and just north of the crossing.

September 6, 1920, between 4 and 5 in the afternoon, appellee, driving a Hudson 6-40 automobile on the roadway in question, approached the railroad crossing in question going east. At a point about 200 feet from the crossing she removed her veil, but for what reason she removed it is not disclosed by the evidence. She testified that at this time she was going at her usual running speed of 10 to 15 miles an hour; that she had no recollection of either slackening or increasing her speed thereafter and that she had no recollection of anything after the removal of the veil until she woke up in the hospital after the accident.

The only other witness called by appellee who saw appellee as she approached the crossing testified that his attention was first attracted to the scene by hearing a long, clear blast of the whistle of the train for entering town; that the automobile was then at the point where appellee testified she removed her veil; that he kept his attention fixed on the situation; that when the train was about 200 feet from the crossing the whistle was again blown; that from the time he

first saw the automobile he observed no slackening of speed as it approached the crossing until it was struck by the train and appellee was thrown out between the tracks and rendered unconscious.

Appellee further testified that she then knew that the Prairie State Express, the train in question, which was a limited through southbound passenger train, was due about that time; that it did not stop at Elkhart. She also testified that she had driven over and across this same crossing every Monday morning for 5 years and was thoroughly familiar with it and with the surroundings; that no change had been made in said crossing or its surrounding for 5 years; that she was thoroughly familiar with this particular automobile of her parents that she was driving and had driven it on many occasions; that the engine and brakes were all in first-class condition in every respect; that it was still, clear and sunshiny and the roads dry and in good condition; that while she did not know this particular train was actually approaching the crossing at the time she drove over, she knew that it was due, and that her eyesight and hearing were good.

The uncontradicted evidence is that, under the conditions present, an automobile of the type in question could be stopped in 9 to 12 feet when going 15 miles per hour and in 8 or 10 feet when going 10 miles per hour.

It is contended by appellant that the verdict of the jury and their special findings were not supported by the evidence in the case.

It is a generally recognized fact that railroad crossings are dangerous places, and it is the settled law in this State that one who approaches a railroad crossing must approach it using an amount of care commensurate with the known danger. In *Sunnes v. Illinois Cent. R. Co.*, 201 Ill. App. 378, this court held that the fact that the plaintiff knew that his view of the track was partially obstructed by a hedge along the side of

the highway required care on his part in proportion to the known danger.

In *Toledo, W. & W. R. Co. v. Jones,* 76 Ill. 311, it was said: "There is nothing which can relieve a person from the duty of exercising due care and caution at a railroad crossing. It is not always the case that trains are on time, as is well known, hence the pressing necessity of using vigilance, care and caution at all times." In *Chicago, B. & Q. R. Co. v. Damerell,* 81 Ill. 450, it was said: "This court has repeatedly declared the doctrine that it is the duty of persons about to cross a railroad track to look about them, and see if there is danger; not to go recklessly upon the track, but take the proper precautions themselves to avoid accidents at such places." In *Lamarre v. Cleveland, C., C. & St. L. Ry. Co.,* 217 Ill. App. 296, it was said: "Where a railroad train and a person traveling on the highway each approaches a railroad crossing at the same time, it is not the duty of the company to stop its train, but it is the duty of the traveler, in obedience to the known custom of the country, to stop and not attempt to pass in front of the advancing train." In *Lake Shore & M. S. R. Co. v. Hart,* 87 Ill. 529, the court said: "This court has, time and again, decided that it was the duty of every person about to cross a railroad track, to approach cautiously, and endeavor to ascertain if there is present danger in crossing, as all persons are bound to know that such an undertaking is dangerous, and that they must take all proper precautions to avoid accidents in so doing, otherwise they could not recover for injury thereby received." In *Graham v. Hagmann,* 270 Ill. 252, it was said: "Railroads are engaged in the performance of a business of a *quasi* public nature, and in carrying out the purposes for which they are created must necessarily often operate their trains at such a high rate of speed that they cannot be brought to a sudden stop without endangering the lives and safety of those riding there-

in. They travel on fixed tracks and cannot turn aside, and the danger to be encountered in entering thereon is so well known and is a matter of such common knowledge, that when a traveler on a public highway fails to use the ordinary precautions before driving thereon, the general knowledge and experience of mankind condemn such conduct as negligence.''

In an action for personal injuries caused by the negligence of another, an allegation in the declaration that the plaintiff was in the exercise of due care and caution for his safety is a necessary and essential one, and to warrant a recovery there must be some evidence tending to prove it. Such due care on the part of the plaintiff cannot be presumed from the mere fact of the happening of the accident, the negligence of the defendant and a consideration of the human instinct of self-preservation. *Newell v. Cleveland, C., C. & St. L. Ry. Co.*, 261 Ill. 505; *Opp v. Pryor*, 294 Ill. 538.

In the present case there is no evidence whatever that appellee, as she approached the crossing in question, made use of any of her faculties to ascertain whether or not a train was approaching or did anything whatever for the purpose of avoiding danger.

Liability cannot rest upon imagination, speculation or conjecture nor upon a choice between two views, equally compatible with the evidence, but must be based upon facts established by evidence fairly tending to prove them. *Peterson & Co. v. Industrial Board of Illinois*, 281 Ill. 326; *Wisconsin Steel Co. v. Industrial Commission*, 288 Ill. 206; *Vulcan Detinning Co. v. Industrial Commission*, 295 Ill. 141; *Royster v. Murdock*, 220 Ill. App. 662.

The evidence failing to show affirmatively that as appellee approached and went upon the crossing in question she exercised ordinary care for her own safety, the judgment of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*