Madeline Sheehan, Appellee, v. Chicago North Shore & Milwaukee Railroad Company, Appellant.

Gen. No. 8,405.

Opinion filed February 23, 1933.

Addison L. Gardner and Hall & Hulse, for appellant; John H. McQuaid, of counsel.

Runyard & Behanna, for appellee; George S. McGaughey, of counsel.

Mr. Justice Jett delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Lake county in favor of Madeline Sheehan, appellee, hereinafter called the plaintiff, and against Chicago North Shore & Milwaukee Railroad Company, appellant, hereinafter called the defendant. The suit was brought to recover damages to the automobile of the plaintiff as a result of a collision between the automobile driven by the agent of the plaintiff in an easterly direction on 16th street, North Chicago, and a train of the defendant operated in a southerly direction on its own right of way.

The declaration consists of three counts. In the first it is averred that on the 9th day of January, 1930, plaintiff was the owner of an automobile of the value of $1,000; that on said day the automobile was driven by the plaintiff's agent Arthur Johannesen, Jr., in an easterly direction on 16th street in the City of North Chicago, Lake county, Illinois; that at said time and place defendant so carelessly, negligently and improperly drove, operated, managed and controlled its train as to cause the automobile to collide therewith; that plaintiff and her agent were then and there in the exercise of due care and caution, and that by reason of the negligence of the defendant the automobile was totally destroyed to the damage of the plaintiff in the sum of $1,000. In the second count it is averred that the defendant negligently failed to maintain its automatic signal in proper order and failed to sound a warning of the approach of the train by whistle or otherwise, by reason of which negligence and without fault of the plaintiff or her agent the collision oc-

curred. The third count having been eliminated, it was averred in the fourth that the defendant operated its train at an unlawful rate of speed, to wit, 60 miles an hour, and as a result of which, and without fault on the part of the plaintiff or her agent, the collision occurred.

To the declaration the defendant pleaded the general issue. A jury trial was had resulting in a finding in favor of the plaintiff and against the defendant, assessing the damages of the plaintiff at $585. Motions for a new trial and in arrest of judgment were made, argued and denied and judgment was rendered upon the verdict. It is from this judgment that the appellant prosecutes this appeal.

A number of reasons are assigned by the appellant for a reversal of the judgment. The record discloses that the plaintiff was the owner of the automobile in question; that on January 9, 1930, she directed Arthur Johannesen, Jr., to take the automobile to North Chicago for the purpose of having some adjustments made; that Johannesen drove the automobile in an easterly direction on 16th street towards the tracks of the defendant; that he was 16 years of age the November preceding the date of the accident; that he had driven often to North Chicago and was familiar with the location of the crossing in question; that he was approaching it and while he did not know the defendant's schedule he knew that it operated frequent train service; that he knew before reaching the crossing that the road was slippery and treacherous under wheels; that his car was equipped with four-wheel brakes in good operating condition, and that there were chains on the tires; that the automobile struck the rear trucks of the third car of the train and that the collision occurred about the hour of 1:07 p. m.

It is insisted by the defendant that the driver of plaintiff's car was guilty of contributory negligence and therefore the court erred in permitting the case

to go to the jury, and in refusing to direct a verdict. By the plaintiff it is contended that all of the questions raised were ones of fact and that it was a question for the jury to determine whether or not the plaintiff was in the exercise of due care and caution, and whether or not the defendant was guilty of the negligence alleged in the declaration.

Even though the defendant may have been guilty of negligence, if the driver of the car was likewise guilty of negligence and by reason thereof he contributed to the injury and damages complained of, there could be no recovery. The collision occurred around the hour of one o'clock in the afternoon. The driver of the car was familiar with and knew the location of the crossing. He testified that he went to North Chicago quite often and knew at the time that he was approaching a railroad crossing; that the North Shore railroad had fairly frequent service over this crossing but that he did not know what time the trains were due; that he did not know the North Shore schedule; that it was snowing and blowing but that he could see a little way; that the windshield was clotted with snow except where the windshield wiper kept it open; that he could see a little out through the other part; that he had a single wiper; that the side windows were not clotted with snow; that the left window was down a little over halfway, and the right window was down about three or four inches; that the ground was slippery and that there were snow drifts along; that on using the brakes before he got to the crossing he found as to stopping conditions that it was kind of slippery; that he knew it was rather treacherous under wheels and slippery, and knew he was approaching a railroad crossing; that on account of the snow he could see a little bit ahead; that he could not say the exact distance, just about 100 feet; that when he was down near the church west of the railroad tracks he looked for the wigwag; that he could see the wigwag but could not see it going; that

he was then traveling at a rate of speed of about 20 to 25 miles an hour; that he slowed down a little but how much he could not recall; that he was just about halfway between the church and the crossing when he slowed down. The testimony shows that the church is on the corner of the street next west of the railroad tracks. The testimony is not clear as to just the exact rate of speed he was traveling when he approached the crossing. He was traveling at a speed of about 20 to 25 miles an hour when he was halfway between the church and the crossing. From his testimony he was traveling at a rate of speed of about 20 to 25 miles per hour when he was half a block from the crossing. The evidence is quite clear, however, that at the time in question it was snowing and that the wind was blowing quite strongly; that the driver of the car was familiar with the crossing and was possessed of the information to the effect that trains ran regularly over it. From what is disclosed by the record and in view of the rule can it be said that the driver of the car was in the exercise of due care and caution for the safety of himself and the automobile driven by him? The rule has frequently been announced that a railroad crossing is a place of known danger and ordinary care requires one approaching it to make diligent use of his senses of sight and hearing, retain proper control of his vehicle and exercise care and caution commensurate with the danger to be anticipated.

It will be remembered that this is a case in which the car driven by the agent of the plaintiff struck the car of the defendant at the crossing. *Burns v. Chicago & Alton R. Co.,* 223 Ill. App. 439, and 229 Ill. App. 170, was a crossing case, and having been before the court on two different occasions, was reversed in each instance because the driver of the car at the crossing in question at the time of the collision was not in the exercise of due care and caution for her own safety. Each time that this case was before the court numerous

authorities were cited bearing upon the question of the duty of one approaching a crossing under such circumstances as was done by the agent of the plaintiff.

In *Chicago & N. W. Ry. Co. v. Hatch,* 79 Ill. 137, 139, the court approved an instruction as follows: ''Every person is bound to know that a railroad crossing is a dangerous place and he is guilty of negligence unless he approaches it as if it were dangerous. . . .''

In *Chicago & Alton R. Co. v. Gretzner,* 46 Ill. 74, 82, it was stated: ''What is the testimony on the part of plaintiff's negligence? . . . He knew, as all men are bound to know, such a crossing is a dangerous place and he should have approached it as such. This court has said it is the duty of persons about to cross a railroad, to look about them and see if there is danger, not to go recklessly upon the road, but to take proper precautions themselves to avoid accident at such places.''

In *Burns v. Chicago & Alton R. Co.,* 223 Ill. App. 439, at page 442, the court used the following language: ''It is a generally recognized fact that railroad crossings are dangerous places, and it is the settled law in this State that one who approaches a railroad crossing must approach it using an amount of care commensurate with the known danger.''

In *Sunnes v. Illinois Cent. R. Co.,* 201 Ill. App. 378, the court held that the fact that the plaintiff knew that the view of the track was partly obstructed by a hedge along the highway required care on his part in proportion to the known danger.

In *Toledo, W. & W. Ry. Co. v. Jones,* 76 Ill. 311, it was said: ''There is nothing which can release a person from the duty of exercising due care and caution at a railroad crossing. It is not always the case that trains are on time as is well known, hence the pressing necessity of using vigilance, care and caution at all times.''

In conclusion, we have a case in which the agent of the plaintiff was familiar with the crossing and knew that he was approaching it. He knew that the defendant operated its trains frequently. Obviously he was familiar with the weather conditions and he knew from previous recent experience on the occasion in question that it was unusually slippery under wheel and difficult to stop his automobile. It would seem that to avoid the known and obvious danger ever present at railroad crossings, the minimum requirement imposed upon the traveler is to make diligent use of his senses and to maintain a degree of control over his vehicle commensurate with the existing weather and travel conditions, and the authorities universally impose such a duty upon persons about to cross a railroad track. These conditions the plaintiff's agent did not meet. On his own admission, he looked once while half a block away from the crossing. He looked again at the time the train was practically upon the crossing and it was too late for him to do anything to avoid the collision. Ordinary care requires that one in approaching a railroad crossing must not only look and listen but he must avail himself of every opportunity to do so, to see and hear, and he must see and hear that which the circumstances show was visible and audible to a person in the exercise of ordinary care.

We conclude, therefore, that in view of the state of the record in this case, the evidence shows that the driver of the car in question was not in the exercise of ordinary care and caution as averred in the declaration. In view of the conclusion we have reached, it is unnecessary to discuss or consider any other questions raised on the record in this cause.

The judgment of the circuit court of Lake county is reversed and the cause remanded.

*Reversed and remanded.*