**BRODERICK et al. v. CHICAGO & E. I. R. CO.**

**No. 8474.**

Circuit Court of Appeals, Seventh Circuit.

April 19, 1944.

Louis G. Davidson, William O'Malley, and Joseph D. Ryan, all of Chicago, Ill., for appellant.

Edward W. Rawlins, James F. Wright, and T. N. Cook, all of Chicago, Ill., for appellee.

Before EVANS and MINTON, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Upon the facts disclosed by this record, the court was compelled to enter judgment for defendant. Its duty to set aside the verdict was clear as there was no evidence to sustain it.

It would serve no useful purpose to set forth and discuss the evidence, other than to say that decedent was familiar with the highway upon which he was traveling when he met his death. He had gone over it many times and knew that a railroad track, used by defendant, crossed it. On the night in question, he drove his automobile, which had its headlights on, down this Cook County, Illinois, street and into the side of one of the several cars which defendant was moving across the highway. Nothing obstructed his view. The ensuing crash resulted in his immediate death, and therefore no explanation was obtainable from him as to why he should have thus driven his automobile into the side of the moving car.

Such unexplained action conclusively established contributory negligence on the part of the fatally-injured driver. Harper, Adm'x, v. Thompson, 318 Ill.App. 226, 47 N.E.2d 501; on related issues, see: Casey v. Chicago Rys. Co., 269 Ill. 386, 109 N.E. 984, L.R.A.1916B, 824; Urban v. Pere Marquette R. Co., 266 Ill.App. 152; Newell v. Cleveland, C., C. & St. L. R. Co., 261 Ill. 505, 104 N.E. 223; Burns v. C. & A. R. Co., 223 Ill.App. 439. In jurisdictions where the burden of proving contributory negligence is more favorable to the plaintiff than in Illinois, the decisions are nevertheless in harmony with the Illinois holdings.*

In passing it might be observed that defendant denied the existence of evidence tending to establish its alleged negligence.

The District Court, Judge Holly, thought there was no evidence of negligence on the part of the defendant. We need not discuss this phase of the case, in view of our conclusion that plaintiff's decedent was guilty of contributory negligence which contributed to cause his unfortunate death.

The judgment is

Affirmed.

---

* Fannin v. Minneapolis, St. P. & S. S. M. R. Co., 185 Wis. 30, 200 N.W. 651; Day v. Boston & M. R. Co., 96 Me. 207, 52 A. 771, 90 Am.St.Rep. 335; McLane v. Perkins, 92 Me. 39, 42 A. 255, 43 L.R. A. 487; Wright v. Boston & M. R. R., 74 N.H. 128, 65 A. 687, 8 L.R.A.,N.S., 832, 124 Am.St.Rep. 949; Wieland v. President, etc., of Delaware & H. Canal Co., 167 N.Y. 19, 60 N.E. 234, 82 Am.St.Rep. 707.