(No. 4112

EMMA STEPHENS, ADMINISTRATOR OF THE ESTATE OF ROBERT EUGENE STEPHENS, DECEASED, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1950.*

*Petition of Claimant for Rehearing denied June 6, 1950.*

SCHMIEDESKAMP & DEEGE AND BARBER & BARBER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Emma Stephens, as Administrator of the Estate of Robert Eugene Stephens, deceased, seeks to recover from respondent under the Wrongful Death Act, Ill. Rev. Stat. 1947, Chap. 70, for the alleged negligence of respondent in failing to barricade a culvert and drain or place warning signs nearby as a result of which claimant's intestate fell into the hole sustaining injuries from which he died.

On August 22, 1947, shortly after midnight, claimant's intestate and his cousin, Harold Stephens, were returning from an Old Settlers carnival at Clayton, Illinois, driving along U. S. Highway 24. The evidence also tends to show that they were accompanied by another person, one Robert Devergier, but the record is not clear

on this point. Nevertheless, about seven-tenths of a mile west of Clayton, the car stopped and the two Stephens boys got out. Claimant contends that the purpose of the stop was for the boys to take care of the call of nature.

The car was stopped on the north shoulder off of the paved portion of the highway about 40 feet east of the culvert which extended under the highway. Shortly thereafter Harold Stephens was found unconscious and bleeding lying on the rock strewn bed of the drain, and claimant's intestate was found staggering around in the vicinity of the culvert with a severe head injury and other lacerations.

Both boys had travelled at an angle from their car across 18 feet of paved highway, 6 feet of shoulder and 8 feet of sloping bank to the edge of the culvert and drain which was 40 feet forward of their automobile, or a distance of not less than 50 feet. The depth of the hole into which both fell was about 15 feet, the sides of which were almost perpendicular.

Neither Harold Stephens nor Robert Devergier testified. The record indicates both were in the navy in the Pacific at the time of the hearing before Commissioner Jenkins.

The last persons who saw the Stephens boys prior to the accident were at a tavern one mile from the scene when the boys were requested to leave because of boisterous conduct. The record shows no intoxication of either Stephens boy.

The record is devoid of any evidence as to the circumstances of the accident.

Claimant maintains that the failure of Harold Stephens and Robert Devergier to testify cannot result in an adverse presumption against her. This Court will assume claimant is correct, but will not decide the point.

Claimant then maintains that proof of careful habits of claimant's intestate is admissible because the only eyewitnesses were unavailable to her for purpose of testifying. Even if we also assume that, under the circumstances, evidence of careful habits would be admissible, the record is lacking in any evidence of such habits.

An award must, therefore, be denied for failure of claimant to introduce any evidence of the freedom from contributory negligence of claimant's intestate, either by direct testimony of eyewitnesses or by inferences through evidence of the careful habits of claimant's intestate. *I.C.R.R. Co.* v. *Oswald,* 338 Ill. 270.

Due care on the part of the deceased at the time of the accident to which there were no eyewitnesses cannot be presumed from the mere fact of the happening of the accident and a consideration of the human instinct of self-preservation. *Newell* v. *C.C.C. & St. L. Ry. Co.,* 261 Ill. 505.

We have in this opinion discussed only the crucial facts and law which we deem to be controlling. Our failure to discuss other facts and propositions of law does not mean that we have not carefully considered them. However, on the state of the record as a whole, we conclude that, other than the question of contributory negligence hereinbefore discussed, an award would be based only on conjecture and speculation. An award cannot be predicated on such a shaky and unstable base. *MacLeod* v. *State,* 17 C.C.R. 167; *Sprague* v. *State,* 14 C.C.R. 116.

Award denied.